Filed 9/10/20  The Folb Partnership v. City of Los Angeles CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE FOLB PARTNERSHIP et al., | B301786 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC587659) |
| v. | |
| THE CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Sotelo, Judge.  Reversed with directions.

Loeb & Loeb and William M. Brody; Greenberg Glusker Fields Claman & Machtinger and Douglas E. Mirell for Plaintiff and Appellant Paramount Contractors & Developers, Inc.

Michael N. Feuer, Los Angeles City Attorney, Terry Kaufmann Macias, Assistant City Attorney, and Kenneth T. Fong and Yongdan Li, Deputy City Attorneys for Defendant and Respondent.

# INTRODUCTION

Paramount Contractors & Developers, Inc. sued the City of Los Angeles over the City's denial of Paramount's application for permits to display signs on two office buildings in Hollywood. Paramount appeals from the judgment entered after the trial court sustained the City's demurrer without leave to amend. Paramount contends the court abused its discretion in denying Paramount leave to amend to allege that the City wrongly denied Paramount permits for "wall signs" with "on-site" and political messages and that the City wrongly refused to process any of Paramount's sign permit applications. We agree with Paramount and reverse the trial court's denial of leave to amend.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Paramount and the Folb Partnership Sue the City*

The Los Angeles Municipal Code defines several kinds of signs that are relevant here. A "wall sign" is "[a]ny sign attached to, painted on or erected against the wall of a building or structure, with the exposed face of the sign in a plane approximately parallel to the plane of the wall." (L.A. Mun. Code, § 14.4.2.) A "supergraphic sign" is, generally speaking, a large sign that is projected onto or hung from a building (*ibid.*; see *World Wide Rush, LLC v. City of Los Angeles* (9th Cir. 2010) 606 F.3d 676, 682), "and which does not comply with," among other provisions, those governing wall signs (L.A. Mun. Code, §§ 14.4.2, 14.4.10). An "off-site sign" is one that advertises a business conducted "elsewhere than on the premises where the sign is located." (L.A. Mun. Code, § 14.4.2.) An "on-site sign" is a

2

"sign that is other than an off-site sign." (*Ibid.*) A "temporary sign" is "[a]ny sign that is to be maintained for a limited duration, not to exceed 30 days . . . ." (*Ibid.*)

In July 2015 Paramount and the Folb Partnership filed a complaint in Los Angeles Superior Court "seek[ing] redress for the City's improper denial of [their] attempts to obtain permits for various types of signage on their buildings" and "challeng[ing] aspects of the City's signage regulations" based on alleged constitutional violations. Paramount and Folb alleged that in 2015 they "sought new permits to erect various types of signs on" the two Hollywood buildings operated by Paramount and a third building owned by Folb. Paramount and Folb alleged they "sought these permits so that they could display messages for themselves, for political campaigns, and for third parties." More specifically, Paramount alleged it applied for permits to erect "[t]emporary signs to display 'off-site' messages for a 30-day period," "supergraphics signs to display 'off-site' messages," "[s]upergraphics signs to display political messages for up to a 30-day period," and "[w]all signs to display 'off-site' messages." Paramount and Folb alleged that, although their applications "complied with all necessary requirements," the City "refused to process or approve any of [their] applications and, in fact, failed to even fully review the applications."

Paramount and Folb asserted two causes of action based on these allegations. In the first, Paramount and Folb alleged the City's sign regulations violated their free speech rights under the United States and California constitutions. In the second, Paramount alleged the City violated its sign regulations by denying Paramount's recent permit applications "[w]ithout performing a proper review" and by not issuing permits to

3

Paramount "for two types of signage" in particular: supergraphic signs that met the requirements for "an exception to the citywide partial 'ban' on supergraphics" and "temporary signs to display off-site messages."

B.     *The City Removes the Case to Federal Court, Which Decides Part of the Case in the City's Favor and Remands the Rest*

The City removed the case to federal court and moved to dismiss the complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted the motion to dismiss Paramount's claims without leave to amend on the ground that, under the doctrine of res judicata, prior litigation by Paramount against the City over applications for permits to display signs on the two Hollywood buildings barred Paramount's claims in this case. The court also granted the City's motion to dismiss Folb's claim with leave to amend. After Folb filed an amended complaint, the City moved to dismiss it, and the court granted the motion, dismissing the amended complaint without leave to amend. Paramount and Folb appealed, though Folb later withdrew its appeal.[1]

In the Ninth Circuit Paramount abandoned its constitutional challenge to the City's regulations and focused on its "claim that the City wrongfully denied its 2015 permit applications." The Ninth Circuit affirmed the district court's dismissal of "Paramount's claim concerning supergraphics," but held "the district court erred in determining that res judicata barred Paramount's claim concerning wall signs" because its prior litigation with the City "did not involve any dispute over

---

[1]     Thus ending Folb's participation in this case.

4

wall signs." The Ninth Circuit therefore reversed "the district court's dismissal of Paramount's claim concerning wall signs" and remanded the case to the district court. The district court, declining to exercise supplemental jurisdiction over a matter no longer involving federal constitutional claims, remanded the action to state court.

### C. *The Superior Court Sustains the City's Demurrer Without Leave To Amend*

Back in state court, the City filed a demurrer to what remained of Paramount's complaint. The City argued "[t]he Ninth Circuit remanded only one claim" (emphasis omitted)—namely, that the City "failed to properly apply its local signage regulations when it denied Paramount's permit applications for wall signs displaying off-site messages"—which failed as a matter of law because the City's sign regulations for the Hollywood area, the Amended Hollywood Signage Supplemental Use District (the Amended Hollywood SUD), prohibited "off-site wall signs."

In opposing the demurrer Paramount argued, among other things, that the applicable regulations did not categorically ban "off-site wall signs" and that, in any event, its "claims [were] not limited to off-site wall signs," but included allegations Paramount was entitled to permits for wall signs to display "on-site" and "political" messages, which it was unable to obtain because the City wrongfully refused to review or process any application by Paramount for permits. Paramount asked for leave to amend, in the event the court sustained the demurrer, to more clearly allege that its second cause of action was not limited to asserting the City wrongfully denied permits for "off-site wall signs" and that Paramount was also stating a cause of action based on the City's

5

wrongful refusal to review or process any application by Paramount for sign permits.

The trial court sustained the City's demurrer without leave to amend. The court observed that the "[Amended] Hollywood SUD ordinance specifically prohibits off-site wall signs, including temporary signs," and concluded that the exceptions to this provision cited by Paramount did not apply. The court further ruled: "Paramount's Claim is Limited to Temporary Off-Site Wall Signs: Paramount argues that its claim is not limited to temporary off-site wall signs, but also includes other types of signs. The Court disagrees. The Ninth Circuit reversed the district court's dismissal only as to off-site message wall signs. The only wall signs remaining in Paramount's complaint are temporary off-site wall signs." The court entered judgment in favor of the City, and Paramount timely appealed.

## DISCUSSION

A. *Standard of Review*

"When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment. [Citation.] "'[I]f it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.'" . . . Plaintiff has the burden to show there is a reasonable possibility the complaint's defects can be cured by amendment." (*Adams v. Bank of America, N.A.* (2020) 51 Cal.App.5th 666, 670; see *Arista v. County of Riverside* (2018) 29 Cal.App.5th 1051, 1066 [""Where the complaint is defective, '[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend

6

his complaint, and it ordinarily constitutes an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment." '" ].)

B.   *The Trial Court Abused Its Discretion in Denying Paramount Leave To Amend*

Paramount contends the trial court abused its discretion in denying leave to amend to allege that the City wrongfully denied applications by Paramount for permits to display wall signs with "on-site" and political messages, which Paramount contends the City's regulations allow,[2] and that the City wrongfully refused to process or review applications by Paramount for any type of sign. We agree the trial court should have granted Paramount leave to amend its complaint.

It appears the trial court denied Paramount leave to amend because it believed the Ninth Circuit reversed "the district court's dismissal only as to off-site message wall signs." But that is not what the Ninth Circuit held.[3]  The Ninth Circuit held that

---

[2]    The City does not dispute that otherwise compliant wall signs with on-site or political messages are permissible under its regulations.

[3]    "The meaning of a court order or judgment is a question of law within the ambit of the appellate court. [Citation.] 'The true measure of an order . . . is not an isolated phrase appearing therein, but its effect when considered as a whole. [Citations.]  In construing orders they must always be considered in their entirety, and the same rules of interpretation will apply in ascertaining the meaning of a court's order as in ascertaining the meaning of any other writing.  If the language of the order be in any degree uncertain, then reference may be had to the

7

Paramount's previous litigation with the City had not involved "any dispute over wall signs" and that therefore res judicata did not bar Paramount's current claim "concerning wall signs." If the Ninth Circuit's ruling reversed the district court's dismissal "only as to off-site message wall signs," that's because a claim involving "off-site message wall signs" was the only wall-sign claim the district court had dismissed. The Ninth Circuit's decision does not preclude Paramount from adding allegations concerning other kinds of wall signs.

The City argues the sham pleading doctrine precludes Paramount from amending its allegations as it proposed to do. Under that doctrine, "a plaintiff cannot avoid allegations that are determinative to a cause of action simply by filing an amended complaint which omits the problematic facts or pleads facts inconsistent with those alleged in the original complaint. The doctrine precludes a plaintiff from amending a complaint to omit harmful allegations, without explanation, from previous complaints to avoid attacks raised in demurrers." (*Tindell v. Murphy* (2018) 22 Cal.App.5th 1239, 1248.)

The doctrine does not apply. Paramount is not attempting to overcome a successful attack in the City's demurrer by omitting problematic facts or by pleading facts inconsistent with those previously alleged. Paramount proposes to allege additional facts to clarify that, in addition to applying for permits for wall signs with off-site messages, it applied for permits for walls signs with on-site and political messages and that the City refused to review its applications for permits for any kind of

---

circumstances surrounding, and the court's intention in the making of the same.'" (*In re Ins. Installment Fee Cases* (2012) 211 Cal.App.4th 1395, 1429-1430.)

sign—facts that do not contradict any allegations in the original complaint.  (See *JPMorgan Chase Bank, N.A. v. Ward* (2019) 33 Cal.App.5th 678, 690-691 [the sham pleading doctrine "'is not intended to prevent . . . the correction of ambiguous facts'"]; *Leasequip, Inc. v. Dapeer* (2002) 103 Cal.App.4th 394, 404, fn. 6 ["the rule was not intended to preclude plaintiffs from providing additional and non-contradictory allegations"].)

The City argues that any cause of action against it for wrongfully refusing permits to Paramount for wall signs with on-site or political messages is "not ripe" because Paramount did not actually submit applications for those types of wall signs, but only supposedly (quoting from Paramount's opening brief) "desired" to do so.  The City argues Paramount therefore has not received a final denial of the applications it proposes to allege the City denied, and for that reason cannot state a cause of action based on such applications.  Paramount has made clear, however, that it "can and will allege" that "in 2015, at the same time it sought permits to display 'off-site' messages on wall signs, [it] also attempted to obtain permits for wall signs to display political and on-site messages" and that "[t]he City summarily refused to accept or process these permit applications."  (See *Goonewardene v. ADP, LLC* (2019) 6 Cal.5th 817, 832-833 [reviewing court must assume the properly pleaded facts in a proposed amended complaint are true]; *Anderson v. City of San Jose* (2019) 42 Cal.App.5th 683, 698, fn. 5 ["our review on appeal from the judgment of dismissal after the sustaining of a demurrer necessarily encompasses consideration of any possible amendment that could cure the purported pleading defect"]; *Bettencourt v. Hennessy Industries, Inc.* (2012) 205 Cal.App.4th 1103, 1118 [reviewing court must accept "the truth of the

9

allegations in plaintiffs' proposed amended complaints"].) The City's (un)ripeness argument fails.

The City also argues Paramount cannot assert a cause of action challenging the additional application denials because the statute of limitations has run and the proposed new allegations do not relate back to the filing of the original complaint.[4] But the proposed new allegations do relate back. An amended complaint relates back to the original complaint, and thus avoids the bar of a statute of limitations, "if both complaints rest on the same general set of facts, involve the same injury, and refer to the same instrumentality." (*Esparza v. Safeway, Inc.* (2019) 36 Cal.App.5th 42, 60.) "In determining whether the amended complaint alleges facts that are sufficiently similar to those alleged in the original complaint, the critical inquiry is whether the defendant had adequate notice of the claim based on the original pleading." (*Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 277.) Paramount's proposed amendments concern the same kinds of signs (wall signs) for the same two buildings applied for and rejected at the same time by the same entity in the same manner with the same resulting injury as previously alleged. And the City does not suggest amendment would deprive it of adequate notice to prepare a defense on the merits. (See *ibid.* ["'The policy behind statutes of limitations is to

---

[4] The City argues that under Government Code section 65009, subdivision (c)(1), "[t]here is a 90-day statute of limitations to challenge the denial of a permit application" and that, "[e]ven if the 3-year statute of limitations in [Civil Code section] 338 applied, it too has long expired."

put defendants on notice of the need to defend against a claim in time to prepare a fair defense on the merits.'"].)

Finally, in a single sentence, the City argues that allowing Paramount to amend would be "highly prejudicial" to the City because it "has litigated this case for years based on the current complaint." This statement is too vague to establish prejudice. (See *Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1163 ["absent a showing of prejudice to the adverse party, the rule of great liberality in allowing amendment of pleadings will prevail"].)

## DISPOSITION

The judgment is reversed. The trial court is directed to vacate its order sustaining the City's demurrer without leave to amend and to enter a new order sustaining the demurrer with leave to amend. Paramount is to recover its costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.                    DILLON, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11