Filed 1/4/24  Lavian v. Deutsch CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TAL LAVIAN, et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>MARTIN DEUTSCH et al.,<br><br>    Defendants and Respondents. | H050065<br>(Santa Clara County<br> Super. Ct. No. 21CV389062) |
| TAL LAVIAN, et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>ZVI OR-BACH et al.,<br><br>    Defendants and Respondents. | H050529<br>(Santa Clara County<br> Super. Ct. No. 21CV389062) |

In 2018, Zvi Or-Bach sued his business partner Tal Lavian, seeking over $160 million in damages.  The suit backfired.  Lavian sought arbitration, and the arbitrator rejected Or-Bach's claims, granted Lavian's, and awarded Lavian over $1 million.

After confirming this award, Lavian, along with VisuMenu, Inc. (VisuMenu) and Aybell, LLC (Aybell), sued Or-Bach, Or-Ment, LLC and Or-Ment Consulting ("Client Defendants") and the attorneys who represented Or-Bach in the 2018 lawsuit against Lavian: Martin Deutsch, Sosan Akbar, and the Law Offices of Martin Deutsch ("Attorney Defendants").  The Attorney Defendants filed a motion to strike under the anti-SLAPP statute, Code of Civil Procedure section 425.16, which the trial court granted, and

judgment was entered in favor of the Attorney Defendants. The Client Defendants demurred to the claims against them, and the trial court sustained the demurrers, but granted leave to amend some claims. After those claims were amended, the trial court sustained a second demurrer, this time without leave to amend, and entered judgment in the Client Defendants' favor.

Lavian, VisuMenu, and Aybell (collectively, Plaintiffs) have appealed both judgments, and we granted their motion to consider the appeals together for oral argument. In the appeal concerning the Client Defendants, Plaintiffs contend that the trial court erred in dismissing most of their claims. We agree in part. We conclude that the trial court correctly dismissed Plaintiffs' malicious prosecution claim because such a claim cannot be based on a favorable arbitration award, as Plaintiffs seek to do here. However, we conclude that the trial court erred in ruling on demurrer that the litigation privilege bars the claims in the amended complaint and that Client Defendants' alternative defenses to those claims should be considered by the trial court in the first instance.

In the appeal concerning the Attorney Defendants, Plaintiffs challenge the dismissal of their malicious prosecution claim. However, the malicious prosecution claim against the Attorney Defendants fails for the same reason as the malicious prosecution claim against the Client Defendants.

We therefore affirm the judgment in favor of the Attorney Defendants but reverse the judgment in favor of the Client Defendants and remand for further proceedings on the claims other than malicious prosecution against the latter defendants.

## I. BACKGROUND

According to the pleadings, Lavian is a scientist and an inventor who is associated with the University of California at Berkeley and has over 120 patents and patent applications. Or-Bach is a businessman and investor. In 2009, the two decided to jointly

2

develop a visual menu system for mobile phones.  To do so, they formed VisuMenu and later Aybell.

A. *The 2018 Lawsuit and the Arbitration Award*

By 2018, relations between Lavian and Or-Bach had deteriorated, and Or-Bach sued Lavian, VisuMenu and Aybell for breach of fiduciary duty, conversion, trademark infringement, and unfair competition in Santa Clara County Superior Court.  In the complaint, Or-Bach sought more than $160,000,000 in damages.  Lavian and VisuMenu in turn submitted claims against Or-Bach and Or-Ment, LLC to arbitration, and Or-Bach resubmitted the claims brought in Superior Court as counterclaims in the arbitration.

The arbitrator ruled against Or-Bach and in favor of Lavian and VisuMenu.  The arbitrator awarded Lavian over $380,000 in compensatory damages and over $350,000 in fees and costs.  Additionally, finding that Or-Bach destroyed opportunities for additional funding for VisuMenu, instituted a "hugely overreaching $175 million lawsuit," and threatened Lavian personally, the arbitrator imposed $100,000 in punitive damages.  As later confirmed, the total award exceeded $1 million.

B. *The Proceedings Below*

1. <u>The Complaint</u>

In September 2021, Lavian, VisuMenu, and Aybell sued the Client Defendants and the Attorney Defendants.  Plaintiffs claimed malicious prosecution on the ground that the 2018 lawsuit was brought without probable cause and with intent to harm Plaintiffs' financial position and reputation.  Plaintiffs also alleged six other claims: intentional interference with economic relations, negligent interference with contractual relations, breach of fiduciary duty, defamation and trade libel, unfair competition, and civil conspiracy.  With the exception of the civil conspiracy claim, each of these claims was based on "instituting the Action"—Or-Bach's 2018 lawsuit—"initiating and maintaining the Action," "fil[ing] the Action," or "filing and maintaining the Action."

3

### 2. The April 2022 Order

The Attorney Defendants moved to strike the claims against them under the anti-SLAPP statute, and the Client Defendants demurred. In an April 19, 2022 order, the court granted the motion to strike and sustained the demurrer.

The trial court ruled that the claims against the Attorney Defendants arose out of their representation of the Client Defendants and therefore involved activity protected under the anti-SLAPP statute. The court further ruled that Plaintiffs had failed to show a probability of prevailing. In particular, the trial court concluded that Plaintiffs had not presented sufficient prima facie evidence to support their malicious prosecution claim and that the litigation privilege barred Plaintiffs' remaining claims.

In sustaining the Client Defendants' demurrer, the trial court held that the initial complaint failed to state a valid cause of action for malicious prosecution because under the Supreme Court's decision in *Brennan v. Tremco* (2001) 25 Cal.4th 310 malicious prosecution claims cannot be based on contractual arbitration awards. The trial court also ruled that Plaintiffs could not state a valid claim for civil conspiracy because conspiracy is a legal doctrine rather than a cause of action. Finally, the trial court sustained demurrers to Plaintiffs' remaining claims—for intentional and negligent interference with economic relations, breach of fiduciary duty, defamation and trade libel, and unfair competition—because those claims all arose out of communications made in judicial proceedings and therefore are barred by the litigation privilege.

The trial court dismissed the malicious prosecution and civil conspiracy against the Client Defendants without leave to amend, but granted Plaintiffs leave to amend the remaining claims.

### 3. The Attorney Defendants Judgment

The trial court entered judgment in favor of the Attorney Defendants on April 27, 2022, and Plaintiffs filed a timely notice of appeal from that judgment on May 24, 2022.

### 4. The Amended Complaint

The following month Plaintiffs filed an amended complaint. The amended complaint omitted all the claims against the Attorney Defendants as well as the malicious prosecution and civil conspiracy claims against the Client Defendants. However, it added five new paragraphs concerning the Client Defendants' conduct "[s]ubsequent to the Arbitration and Judgment." In them, Plaintiffs alleged that the Client Defendants "continue to fail to act in the interest" of VisuMenu and Aybell, "continue to fail to follow their duty of loyalty," and "continue to engage in a pattern of self-dealing and conflict of interest." Plaintiffs also alleged that the Client Defendants "caused the patents and other intellectual property . . . to expire," hid assets by assigning patents, and failed to compensate Lavian for services or reimburse him for expenses that he incurred. Finally, Plaintiffs alleged that Client Defendants engaged in "continuing sabotage" of VisuMenu and Aybell, and they had been "maligning" Lavian in order to harm his academic standing and his expert witness and consulting business.

The amended complaint also replaced the allegations in the original complaint concerning instituting, filing, and maintaining the 2018 lawsuit with references to the conduct that allegedly occurred after the arbitration and judgment. For example, the amended complaint's intentional interference claim omits the allegation concerning "maliciously and without probable cause instituting the Action" and adds allegations that the Client Defendants disrupted Plaintiffs' economic relationships by "failing to obey orders of the court in the Action," "causing the patents and other intellectual property [of VisuMenu and Aybell] to expire," and "making it impossible for Plaintiffs to engage in any further capital raises." In other claims, the amended complaint similarly replaces allegations concerning initiating, instituting, filing and maintaining the 2018 lawsuit with allegations that the Client Defendants continued to falsely accuse Plaintiffs of improprieties, failed to obey court orders, caused patents to expire, and made it impossible for VisuMenu to raise further capital.

5.     The August 2022 Order

The Client Defendants demurred to the amended complaint, and the trial court again sustained the demurrer. Plaintiffs argued that the claims in the amended complaint were not barred by the litigation privilege because the claims do not contain allegations concerning the 2018 lawsuit and are based instead on "new conduct outside of the judicial proceeding." The trial court disagreed. It found that the amended claims were plead "as continuing conduct, continuing sabotage" and agreed with the Client Defendants that the claims in the amended complaint "still arose from the 2018 Underlying Action." Finding it unlikely that Plaintiffs would be able to amend their complaint to state valid causes of action, the court sustained the demurrer against the amended complaint without leave to amend.

6.     The Client Defendants Judgment

On October 10, 2022, the trial court entered final judgment concerning the Client Defendants. The judgment states that the "First Amended Complaint is hereby dismissed with prejudice in its entirety," and it "further orders that final judgment be entered in favor of [the Client] Defendants." On October 20, 2022, Plaintiffs filed a timely notice of appeal.

## II.  DISCUSSION

A.     *Jurisdiction*

We begin by addressing a jurisdictional issue. It is not clear from the face of the judgment in favor of the Client Defendants that the judgment covers the claims for malicious prosecution and civil conspiracy. The judgment "orders that final judgment be entered in favor of [the Client] Defendants," which suggests that the judgment disposes of all the claims against the Client Defendants. However, immediately beforehand, the judgment states that the "First Amended Complaint" is dismissed, and it earlier discusses the claims in the amended complaint without mentioning the malicious prosecution and

6

civil conspiracy claims, which were in the original complaint and not included in the amended complaint. In supplemental briefing, however, the parties agree that the judgment dismissed Plaintiffs' suit in its entirety. We therefore interpret the judgment concerning the Client Defendants to dispose all claims involving those defendants and therefore to be a final and appealable judgment.

### B. *The Appeal Concerning the Client Defendants*

#### 1. Malicious Prosecution

In their appeal from the judgment in favor of the Client Defendants, Plaintiffs challenge the dismissal of their malicious prosecution claim. The trial court dismissed this claim on the ground that it is based on an arbitration award and therefore does not state a valid claim for malicious prosecution under the Supreme Court's decision in *Brennan v. Tremco, Inc*. (2001) 25 Cal.4th 310 (*Brennan*). Reviewing this ruling de novo (see, e.g., *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415), we agree.

In *Brennan*, the Supreme Court held that, "if [an action] ends in contractual arbitration, that termination will not support a malicious prosecution action." (*Brennan*, *supra*, 25 Cal.4th at p. 314.) To prevail on a malicious prosecution claim, "a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice.' [Citations.]" (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871.) *Brennan* considered whether an arbitration award can satisfy the first element, the favorable termination requirement. (*Brennan*, at p. 313.) The Supreme Court concluded that an arbitration award cannot. (*Id.* at p. 314.) In reaching this conclusion, the Court noted the "trend against creating or expanding derivative tort remedies" such as malicious prosecution and in favor of remedying litigation-related misconduct through sanctions. (*Ibid.*; see also *id.* at p. 315 [noting the "growing antipathy for litigation spawning litigation"].) In addition, the court reasoned that permitting malicious prosecution claims

7

based on arbitration rulings would defeat one of the key purposes of arbitration: providing a "relatively quick and inexpensive . . . procedure that the parties may voluntarily choose to resolve their dispute and avoid further recourse to the courts. [Citation]." (*Id*. at pp. 315-316; see also *id*. at p. 315 ["parties who voluntarily choose arbitration generally expect and desire that the arbitration will end their dispute"].)

Plaintiffs assert that *Brennan* is "fundamentally shortsighted" because, among other things, absent the threat of a malicious prosecution claim parties may "inflict grievous harm with absolute impunity." This argument is undercut by the $100,000 in punitive damages awarded by the arbitrator based in part on defendant Or-Bach's "intentional act of bringing a hugely overreaching $175 million lawsuit against Lavian." In any event, the Supreme Court's decisions are binding on us, and we have no authority to reconsider their wisdom. (See, e.g., *Auto Equity Sales, Inc. v. Superior Court of Santa Clara County* (1962) 57 Cal.2d 450, 455.)

In their reply, Plaintiffs try to distinguish *Brennan* on the ground that the parties in that case agreed to arbitration "by contemporaneous stipulation in open court." Because this argument was not raised in the opening brief, and Client Defendants did not have the opportunity to address it in their brief, it has been forfeited and does not need to be considered. (See, e.g., *Raceway Ford Cases* (2016) 2 Cal.5th 161, 178; *Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11.) In any event, the argument is unpersuasive. Plaintiffs fail to point to anything in the Supreme Court's reasoning in *Brennan* turning on the timing or formation of agreements for private arbitration. Plaintiffs similarly fail to identify anything in *Brennan* suggesting that its application turns on the magnitude of wrongdoing.

### 2. Litigation Privilege

Plaintiffs also challenge the dismissal of the claims in the first amended complaint. The trial court ruled that the litigation privilege bars these claims because they arise out of communications in the 2018 lawsuit. On appeal, Plaintiffs argue that the litigation

privilege does not apply because the claims in the amended complaint arise out of conduct "[s]ubsequent to the Arbitration and Judgment." We agree. Although the amended complaint contains some allegations concerning the 2018 lawsuit, it asserts claims that arise at least in part out of conduct independent of that suit.

The litigation privilege, which is codified in section 47 of the Civil Code, "has been given broad application." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 211.) It applies to "any communications (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. [Citations.]" (*Id*. at p. 212.) The privilege is "absolute in nature" and immunizes defendants, regardless of malice or intent to harm, from liability for all torts except malicious prosecution. (*Id.* at pp. 215-216.) The privilege, however, bars a claim only if the injury alleged in the claim "resulted from an act that was communicative in its essential nature." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1058.) Thus, "[a] threshold issue in determining if the litigation privilege applies is whether the alleged injury arises from a communicative act or noncommunicative conduct." (*Action Apartment Assn. Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1248.)

The amended complaint alleges injuries that arise from noncommunicative conduct. For example, in the original complaint, Plaintiffs' claim for intentional interference with economic relations was based on the Client Defendants "instituting the [2018 lawsuit] falsely accusing Plaintiff of improprieties," allegedly to disrupt Plaintiffs' ongoing and prospective economic relationships, and Plaintiffs allegedly were damaged "[a]s a direct and proximate result of these actions." By contrast, the intentional interference claim in the amended complaint makes no mention of the 2018 lawsuit. Instead, the amended complaint alleges that the Client Defendants disrupted Plaintiffs' ongoing and prospective economic relationships through noncommunicative conduct such as "failing to obey orders of the court in the Action," "causing the patents and other

9

intellectual property of [VisuMenu and Aybell] to expire," and "making it impossible for Plaintiffs to engage in any further capital raises." Plaintiffs' negligent interference, breach of fiduciary duty, defamation, and unfair competition claims similarly make no mention of the 2018 lawsuit and allege harm from noncommunicative conduct.

There are some allegations in the amended complaint that might be interpreted to refer to the 2018 lawsuit. For example, in the negligent interference claim, the amended complaint refers to the Client Defendants "continuing to falsely accuse Plaintiffs of improprieties," and the defamation cause of action alleges that "Defendants continue to repeat and publish to third parties['] false statements." It is reasonable to infer that these continuing accusations and false statements began with the 2018 lawsuit, which accused Lavian of breaching his fiduciary duties and misappropriating corporate assets. However, it also is reasonable to infer that the conduct in question began after the 2018 lawsuit in light of the fact that the amended complaint's indication that this conduct occurred "[s]ubsequent to the Arbitration and Judgment." And, in reviewing a demurrer, the complaint is liberally construed, and "the reviewing court draws inferences favorable to the plaintiff, not the defendant." (*Perez v. Golden Empire Transit Dist*. (2012) 209 Cal.App.4th 1228, 1239; see also *Skopp v. Weaver* (1976) 16 Cal.3d 432, 438 ["A basic rule commands us to construe the allegations of a complaint liberally in favor of the pleader."].) Consequently, at this stage, we cannot infer that the continuing conduct alleged in the amended complaint refers to the 2018 lawsuit.

Invoking the sham-pleading doctrine, the Client Defendants contend that the allegations in the original complaint should be considered, and the claims in the amended complaint barred on the basis of those allegations. This argument sweeps too far. "Under the sham-pleading doctrine, a plaintiff cannot avoid allegations that are determinative to a cause of action simply by filing an amended complaint which omits the problematic facts or pleads facts inconsistent with those alleged in the original complaint." (*Tindell v. Murphy* (2018) 22 Cal.App.5th 1239, 1248.) However, the

10

doctrine "was not intended to preclude plaintiffs from providing additional and non-contradictory allegations." (*LeaseQuip, Inc. v. Dapeer* (2002) 103 Cal.App.4th 394, 404, fn. 6.) Plaintiffs' amended complaint adds allegations concerning conduct "[s]ubsequent to the Arbitration and Judgment," which do not contradict the allegations in the original complaint. Moreover, even if considered, the allegations omitted from the original complaint do not undermine the validity of the new claims in the amended complaint. As a consequence, the sham pleading doctrine does not apply here.

The Client Defendants also argue that Plaintiffs are collaterally estopped from asserting the claims in the amended complaint because those claims repeat "the same allegations and accusations that were already determined in the arbitration." This argument has some merit. For example, the amended complaint alleges that Plaintiffs allowed patents to expire, and the arbitration award similarly considered whether Plaintiffs "allow[ed] some of the valuable [p]atents to unwind for lack of fulfilling obligations" to the United States Patent and Trademark Office. The Client Defendants, however, do not identify the particular allegations in the amended complaint that were considered in the arbitration award, much less explain how the requirements of collateral estoppel are satisfied. We decline to consider this issue in the first instance and instead leave it for the trial court to consider. Similarly, we leave Plaintiffs' judicial estoppel argument to the trial court to consider in the first instance.

C.     *The Appeal Concerning the Attorney Defendants*

In the appeal from the judgment concerning the Attorney Defendants, Plaintiffs challenge only dismissal of their malicious prosecution claim against the Attorney Defendants. In so doing, Plaintiffs do not dispute that the malicious prosecution claim concerns activity protected under the anti-SLAPP statute. Instead, Plaintiffs argue that they established a probability of prevailing on their malicious prosecution claim. In making this argument, however, Plaintiffs contend that the arbitration award satisfies the favorable termination requirement. As shown above, that is incorrect: Under the

11

Supreme Court's decision in *Brennan v. Tremco*, an arbitration award cannot satisfy that requirement.  (*Brennan*, *supra*, 25 Cal.4th at p. 314.)

Plaintiffs object that neither the trial court nor the Attorney Defendants argued that their malicious prosecution claim against the Attorney Defendants fails because an arbitration award cannot satisfy the favorable termination requirement.  That is true, but we may affirm a trial court ruling on any purely legal ground as long as the parties have been given an opportunity to brief that ground.  (See, e.g., *Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052 ["We will affirm the ruling [sustaining a demurrer] if there is any ground on which the demurrer could have been properly sustained. [Citation.]"); see also *Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, 1341, fn. 6 [an issue of law not previously raised may be considered "as long as the parties have been given a reasonable opportunity to address it"].)  Here, Plaintiffs have had ample opportunity to brief this issue.  They briefed the issue in their appeal concerning the Client Defendants, and in the appeal concerning the Attorney Defendants we requested supplemental briefing on the issue, which Plaintiffs submitted.  In that briefing, Plaintiffs asserted that application of *Brennan* might turn on the facts of the claims against the Attorney Defendants.  As shown above, that is incorrect.  (*See Brennan*, *supra*, 25 Cal.4th at p. 314 ["if [an action] ends in contractual arbitration, that termination will not support a malicious prosecution action"].)

## III.  DISPOSITION

In case No. H050065, the judgment is affirmed.  In case No. H050529, the judgment is reversed, and the matter is remanded to the trial court with directions to vacate the August 30, 2022 order sustaining the demurrer to the claims in the amended complaint.  In both appeals, the parties shall bear their own costs on appeal.

12

_____
BROMBERG, J.

WE CONCUR:


_____
GROVER, ACTING P.J.



_____
LIE, J.




H050065
*Lavian et al. v. Deutsch et al.,*
H050529
*Lavian et al. v. Or-Bach et al.*