Filed 4/6/18; Certified for Publication 5/7/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| RANDY TINDELL et al., | C081424 |
| Plaintiffs and Appellants, | (Super. Ct. No. 50512) |
| v. | |
| LINDA MURPHY et al., | |
| Defendants and Respondents. | |

Plaintiffs Randy and Linda Tindell bought a single family manufactured home from defendant Linda Murphy in 2005 for $320,000. Defendant Christine Bradley provided the appraisal. In 2009 the Tindells were unable to refinance the mortgage because it is a manufactured home, not a modular home. The Tindells filed a fourth amended complaint alleging Murphy and Bradley failed to disclose defects in the property and acted in concert with others in order to conceal these defects and profit from the sale of the property. The trial court sustained Murphy's demurrer without leave to amend. Subsequently, the court granted Bradley's motion for summary judgment. The

1

Tindells appeal, challenging the court's sustaining of Murphy's demurrer and the granting of Bradley's summary judgment. We shall affirm both judgments.

## FACTUAL AND PROCEDURAL BACKGROUND

Susanville Real Estate, agent Kari Moore, and real estate broker John Shaw listed a property owned by Murphy for sale in December 2004.[1] The listing stated the approximate age of the property was 26 years and described the construction as "Manufactured." The Tindells made arrangements to see the property and subsequently made an offer to purchase the property for $320,000; the offer was accepted.

In the process of purchasing the property, the Tindells hired loan broker Kim Keith. Keith told the Tindells she believed the property was a manufactured home and that they might not be able to obtain financing.

The Tindells also hired appraiser Bradley to appraise the property. When Bradley appraised the home, she designated it a modular home constructed around 1972. Following the appraisal, Keith told the Tindells she could finance the property.

In 2009 the Tindells sought to refinance their mortgage. In connection with the refinancing, an appraiser inspected the property. According to the appraisal for the refinancing, the property was a manufactured home and not a modular home. The Tindells were unable to refinance their mortgage.

**Original Complaint**

In their original complaint, the Tindells sued Susanville Real Estate, real estate agent Moore, real estate broker Shaw (collectively the Susanville defendants), loan broker Keith, and appraiser Bradley, alleging causes of action for (1) declaratory relief, (2) violation of Civil Code section 1102 et seq., (3) fraud, and (4) breach of fiduciary duty. The Tindells alleged that the Susanville defendants, Keith, and Bradley failed to

---

[1] These facts are taken from our previous nonpublished opinion in *Tindell et al. v. Shaw et al.* (June 13, 2013, C068453).

2

disclose the property was a manufactured home, preventing a refinancing of the mortgage.

According to the Tindells, the Susanville defendants, Keith, and Bradley fraudulently misrepresented the property as "modular." In addition, the Tindells argued, they "failed to undertake an inquiry an inquiry as to the condition of Subject Property to determine whether the Subject Property was 'manufactured' or 'modular.' "

Keith filed a demurrer to the Tindells' complaint. The trial court sustained the demurrer without leave to amend. As they acknowledge, the Tindells did not file a timely appeal of that order.

The Susanville defendants filed a demurrer, arguing the allegations in the complaint were contradicted by exhibits attached to the complaint. The agent's inspection disclosure, signed by the Tindells, described the house as a "manufactured home."

The trial court sustained the demurrer to the first and second causes of action without leave to amend. The court sustained the demurrer to the fraud and breach of fiduciary duty causes of action with leave to amend, those causes of action were not pleaded with particularity and were uncertain.

**First Amended Complaint**

Subsequently, the Tindells filed a verified first amended complaint alleging causes of action for fraud, negligent misrepresentation, and constructive fraud. The amended complaint alleged the MLS (Multiple Listing Service) listing declared the property to be 26 years old and manufactured in 1979, but the Tindells later discovered the property was manufactured in 1976. According to the Tindells, homes manufactured prior to June 1976 are "practically worthless" because of lack of building standards, and cannot be financed.

The first amended complaint alleged the Susanville defendants and Bradley failed to disclose that the property was a 1972 manufactured home that could not be financed.

3

Instead, they represented that the property was manufactured in 1979. According to the Tindells, although the Susanville defendants "initially did state the Subject Property was a manufactured home, they did not question Bradley's appraisal designating [it] as [a] modular home."

The Susanville defendants filed a demurrer to the first amended complaint, asserting that, in light of documents attached to the complaint, the Tindells could not show they misrepresented the age of the home and could not allege justifiable reliance. The listing, attached to the first amended complaint, stated the approximate age of the house was 26 years. In addition, the Susanville defendants argued the handwritten year "1979" on the listing was not part of the original listing, but must have been added by the Tindells. In opposing the demurrer, the Tindells conceded the handwritten "1979" was not part of the original listing.

The trial court sustained the demurrer to the first amended complaint with leave to amend.

**Second Amended Complaint**

The Tindells filed a second amended complaint alleging fraud, negligent misrepresentation, and constructive fraud. Again, the Tindells alleged the MLS listing stated the property was 26 years old and manufactured in 1979, but the Tindells discovered the property was manufactured in 1976. According to the Tindells, the Susanville defendants and Bradley failed to disclose during the negotiation process that the property was manufactured in 1972 and could not be financed.

The second amended complaint added new allegations. The complaint alleged the Susanville defendants had special knowledge of the property and intentionally concealed the property's true age. The Tindells also claimed that although the Susanville defendants stated in February 2005 that the property was a manufactured home, they concealed the known fact that the property was built prior to 1976. In addition, the

4

Tindells alleged that if appraiser Bradley had disclosed the true age of the property, it would have enabled them to make an informed decision about the purchase.

The Susanville defendants again demurred, asserting the Tindells were bound by the allegations contained in their original complaint. They also argued the Tindells failed to establish the elements of fraud, and they had no duty to inspect public records to establish the age of the property. The Tindells did not file a written opposition to the demurrer and did not oppose the demurrer in oral argument.

In its tentative ruling sustaining the demurrer without leave to amend, the trial court noted the lack of opposition. In considering the fraud cause of action, the court determined the listing did not state the home was manufactured in 1979, but stated the approximate age was 26 years. The court also noted the Tindells admitted they added the handwritten "1979" date to the listing.

The court found the Tindells were bound by the allegations in their original complaint that they were not informed the house was manufactured. As stated by the court, "Plaintiffs cannot avoid these factual allegations in their original complaint that they were not informed the house was manufactured." The court found, "Plaintiffs cannot avoid these factual allegations by simply filing a new Complaint. Material factual allegations in verified pleadings that are admitted in subsequent pleadings without adequate explanation are to be considered by the Court in ruling on a Demurrer to a later pleading[.] [Citation.] In the original Complaint Plaintiffs asserted that they were injured based on Defendant's failure to disclose that the home was manufactured. They cannot now claim to have relied on a representation that the home was manufactured in a specific year."

The court further found that the alleged misrepresentation that the home was modular was made by Bradley, not the Susanville defendants. The Tindells failed to show breach of any duty, justifiable reliance, or damage arising from the brokers' conduct.

5

**Motion for Reconsideration and Appeal**

The Tindells retained new counsel and filed a motion for reconsideration of the court's ruling and a motion for leave to file a third amended complaint. The court denied the motion for reconsideration. According to the Tindells, the failure of their former counsel to oppose the demurrer to the second amended complaint was due to a lack of communication.

The court thereafter issued its order sustaining the demurrer in which it concluded: "The first cause of action for fraud must be pled with specificity which the Second Amended Complaint does not do. The second cause of action fails to state facts sufficient to show Plaintiffs relied upon the appraisal in light of the disclosure statement signed by Plaintiffs." The court granted the Tindells leave to amend.

We upheld the trial court's judgment sustaining the Susanville defendants' demurrer.

**Third Amended Complaint**

In their third amended complaint, the Tindells added Murphy as a defendant and causes of action including unjust enrichment, negligence, and rescission. According to the complaint, the Tindells relied upon Bradley's appraisal designating the property as "modular."

Before the third amended complaint was served on Murphy, Bradley demurred to the complaint. The trial court sustained the demurrer to the fraud and constructive fraud causes of action without leave to amend, finding "The third amended complaint did not contain specific factual allegations to support the elements of intent to deceive or justifiable reliance." Nor did the complaint allege sufficient facts to establish a fiduciary duty between the Tindells and Bradley. The court found the allegations of unjust enrichment and negligent misrepresentation concerning Bradley adequately pled. The court granted the Tindells' request to amend the complaint.

**Fourth Amended Complaint—Demurrer and Summary Judgment**

In their fourth amended complaint, the Tindells added a cause of action for negligence against Bradley and Murphy. Murphy demurred to the complaint. The fourth amended complaint echoes the Tindells' earlier claims and adds several new allegations: (1) the listing identified the property as 2,256 square feet and identified it as a manufactured home; (2) Murphy knew or should have known the property was manufactured in 1972; (3) Murphy knew the property could not be sold if the defects were disclosed; and (4) an issue with the garage permit.

Following oral argument, the court found each of the Tindells' causes of action deficient and sustained Murphy's demurrer without leave to amend. The first cause of action for fraud was "vague and conclusory" and "failed to show misrepresentations, knowledge of falsity, intent to defraud, justifiable reliance and resulting damage."

The second cause of action for constructive fraud was not pled with specificity, nor was a fiduciary relationship pled.

In their third and fourth causes of action for unjust enrichment and rescission, the Tindells failed to plead any facts to support these causes of action. In addition, these causes of action were derivative of other causes of action insufficiently pled.

The court found the fifth and sixth causes of action for negligence and negligent misrepresentation were completely lacking the factual elements necessary to establish a cause of action.

Following entry of judgment, the Tindells filed a timely appeal.

Bradley filed a motion for summary judgment. Following oral argument, the trial court granted the motion.

The court found no triable issue of material fact. The court summarized the evidence before it: "Plaintiffs admit that the appraisal was performed at the request of Eagle Home Mortgage, Inc. and that it stated it was 'not intended for any other use or by any other party.' Plaintiffs admit the appraisal stated the property was 33 years old,

meaning built in 1972. Plaintiffs also admit that they did not care whether the property was modular or manufactured, so long as they could get a loan. And the lender utilized the appraisal to obtain a loan. Plaintiffs do not dispute that they refinanced the property in 2007 and that they no longer owed money on the loan they obtained pursuant to the subject appraisal. They suffered no damages from the loan for which the appraisal was obtained."

The court found the cause of action for unjust enrichment deficient because Bradley did not receive any unjust enrichment at the expense of the Tindells. Instead, it was the lender that paid for the appraisal. The cause of action for negligence failed because, as a matter of law, the Tindells as borrowers could not sue Bradley, an appraiser, for negligence "where the appraisal was prepared for a lender. There is no privity of contract between Bradley and Plaintiffs . . . ." Finally, the cause of action for negligent misrepresentation was deficient "because the representation was made to the lender, not Plaintiffs. Additionally, there is no reliance by Plaintiffs because the representation was made after they signed a binding purchase agreement and was known to Plaintiff[s] prior to completing the purchase."

Following entry of judgment, the Tindells filed a timely notice of appeal.

## DISCUSSION

### Murphy's Demurrer

### I

The function of a demurrer is to test the sufficiency of the complaint by raising questions of law. We give the complaint a reasonable interpretation and read it as a whole with its parts considered in their context. A general demurrer admits the truth of all material factual allegations. We are not concerned with the plaintiff's ability to prove the allegations or any possible difficulties in making such proof. We are not bound by the construction made by the trial court of the pleadings; instead, we make our own

independent judgment. (*Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 824.)

When the trial court sustains the demurrer without leave to amend, we must decide whether there is a reasonable possibility the plaintiff can cure the defect with an amendment. If we find an amendment could cure the defect, we must find the court abused its discretion and reverse. If not, the court has not abused its discretion. The plaintiff bears the burden of proving an amendment would cure the defect. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153 (*Gomes*).)

**II**

As noted, the present appeal involves allegations we addressed in our previous nonpublished opinion (*Tindell et al. v. Shaw et al.*, *supra*, C068453). We upheld the trial court's order sustaining the Susanville defendants' demurrer to the Tindells' second amended complaint without leave to amend. In their second amended complaint, the crux of the Tindells' case was the failure to disclose the true age of the manufactured home.

We noted the sham pleading doctrine prevents a plaintiff from attempting to breathe life into a complaint by omitting relevant facts from an amended complaint that made plaintiff's previous complaint defective. (*Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 425.) Under the sham pleading doctrine, a plaintiff cannot avoid allegations that are determinative to a cause of action simply by filing an amended complaint which omits the problematic facts or pleads facts inconsistent with those alleged in the original complaint. The doctrine precludes a plaintiff from amending a complaint to omit harmful allegations without explanation, from previous complaints to avoid attacks raised in demurrers. Instead, the plaintiff must satisfactorily explain such an omission. Failure to provide such an explanation allows the court to disregard the inconsistent allegations and read into the amended complaint the allegations of the superseded complaint. (*Id.* at pp. 425-426.)

9

In their original, verified complaint, the Tindells claimed they were injured by the failure to disclose that the property was manufactured as opposed to modular. However, attached to the complaint was the agent's inspection disclosure, signed by the Tindells, stating the home was manufactured. The listing also specified the home was manufactured.

Subsequently, the Tindells filed an amended complaint alleging the defendants failed to disclose the home was manufactured in 1972 and instead represented that the house was 26 years old and manufactured in 1979. Omitted from the amended complaint was any allegation the defendants misrepresented that the home was modular and concealed that the home was manufactured. The Tindells provided no explanation for the disappearance of these allegations.

The trial court found the Tindells were bound by the allegations in their original complaint, which alleged their injury stemmed from the defendants' failure to inform them their home was manufactured and not modular. We affirmed the trial court's determination.

Here, the Tindells resurrect their allegations concerning the alleged failure to disclose the home was manufactured in 1972, but instead was represented that the house was 26 years old and manufactured in 1979. However, the Tindells now argue the sham pleading doctrine applies only to verified complaints and that their new allegations supplement and clarify the facts. According to the Tindells the doctrine is "not intended to prevent honest complainants from correcting erroneous allegations or to prevent correction of ambiguous facts."

However, in their original verified complaint the Tindells alleged they were damaged by the Susanville defendants, Keith, and Bradley's failure to disclose the property was manufactured not modular. After this claim was contradicted by exhibits attached to their complaint, the Tindells argued they instead relied on the Susanville defendants, Keith, and Bradley's representations as to the year of manufacture. We

10

upheld the trial court's finding that the Tindells could not simply ignore the previous allegations and rewrite their complaint.

Here, the Tindells are bound by the allegations in their original verified complaint that the misrepresentation they relied on was that the property was modular and the fact that the property was manufactured was concealed from them.  In their fourth amended complaint, The Tindells renew these allegations, adding Murphy as a defendant.

The Tindells are bound by any of their initial, inconsistent allegations that they renew in their fourth amended complaint.  Therefore, we consider whether the Tindells can state causes of action against Murphy apart from these allegations.

## III

The Tindells argue the court erred in finding they could not establish a cause of action for fraud.  To plead a cause of action for fraud, the Tindells must allege misrepresentation, knowledge of falsity, intent to defraud, justifiable reliance, and damage.  (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.)  Fraud must be specifically pleaded; a general pleading of the legal conclusion of fraud is insufficient.  Every element of the cause of action must be alleged in full, factually and specifically.  (*Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1331.)

Here, the Tindells generally allege Murphy should have known the property was manufactured in 1972 and contained defects.  However, the Tindells signed a real estate transfer disclosure statement which states the property is "a manufactured home with a garage conversion."  In addition, the Tindells signed a buyer's inspection advisory which stated:  "You are advised to conduct investigations of the entire property, including but not limited to the following: [¶] . . . [¶] square footage, age, boundaries."  Given these documents and the lack of specific factual allegations, it is unclear how the Tindells can establish a misrepresentation by Murphy or their reliance on any alleged misrepresentation.  Nor does their complaint set forth any resulting damage.

11

## IV

The Tindells also alleged Murphy committed constructive fraud. To prove such an allegation, the Tindells must show (1) a fiduciary relationship, (2) nondisclosure, (3) intent to deceive, and (4) reliance and resulting injury. Constructive fraud is any breach of duty that, without fraudulent intent, gains an advantage to the person at fault by misleading another to his prejudice. (Civ. Code, § 1573; *Stokes v. Henson* (1990) 217 Cal.App.3d 187, 197.) Like an action for fraud, constructive fraud must be pled with specificity. (*Schauer v. Mandarin Gems of Cal., Inc.* (2005) 125 Cal.App.4th 949, 960-961.)

In sustaining Murphy's demurrer the court stated: "[T]he court does not find that such a [fiduciary] relationship was alleged or if alleged is supported by law. Defendant Murphy cannot be liable vicariously as a principal absent liability on the part of her agent Moore, and the Fourth Amended Complaint does not successfully allege that Defendant Bradley was Defendant Murphy's agent."

The Tindells argue Murphy is vicariously liable because if a seller's agent makes misrepresentations during the purchase of the seller's property, the seller and the agent are jointly liable even if the seller is unaware of the fraud. (*Ach v. Finkelstein* (1968) 264 Cal.App.2d 667, 677.) However, any vicarious liability on Murphy's part depends on Bradley being found liable. The trial court granted summary judgment in Bradley's favor finding no triable issue of fact as to Bradley's liability in the underlying transaction. Since we find the trial court did not err in granting summary judgment in Bradley's favor, no fiduciary duty supports the Tindells' claim.

## V

The Tindells also argue they adequately pled a cause of action for unjust enrichment, rescission, or restitution. The trial court disagreed, finding they failed to plead any facts to support their claims and "these are derivative theories of recovery for other causes of actions which Plaintiffs failed to plead on an appropriate factual basis."

12

We agree with the trial court's analysis. The Tindells failed to plead facts to support their assertion that Murphy was unjustly enriched and they were entitled to restitution. These causes of action are based on the same facts as the previous causes of action, which we also find deficient.

## VI

The Tindells also alleged causes of action against Murphy for negligence and negligent misrepresentation. The trial court found the factual elements to support these claims "completely absent in the Fourth Amended Complaint." We agree.

The Tindells' causes of action for negligence and negligent misrepresentation are based on the same factual allegations in support of their fraud cause of action. These causes of action fail for the same reason: a failure to allege a misrepresentation by Murphy, any reliance or any resulting damage.

## VII

Finally, the Tindells contend the trial court abused its discretion in denying them leave to amend. In challenging the court's sustaining of a demurrer without leave to amend, the plaintiff bears the burden of proving an amendment would cure the defect. The plaintiff must identify some legal theory or state facts that can be added by amendment to change the legal effect of his pleading. (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 520, fn. 16; *Gomes, supra*, 192 Cal.App.4th at p. 1153.)

The Tindells fail to meet this burden. They fail to point to any legal theory or facts they can add to their allegations to state a cause of action against Murphy. Instead, the Tindells merely assert: "Here, there is no evidence that the pleading was not susceptible of amendment to correct the defect and the court should have granted the demurrer with leave to amend. In doing so, Plaintiffs could have amended the complaint to cure any defect alleged."

13

By failing to explain what additional information they could provide to support their causes of action against Murphy, the Tindells do not meet their burden. The trial court did not err in denying leave to amend.

## Bradley's Motion for Summary Judgment

### I

A motion for summary judgment must be granted if the submitted papers show there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 844.) The moving party initially bears the burden of making a "prima facie showing of the nonexistence of any genuine issue of material fact." (*Id.* at p. 845.) "A prima facie showing is one that is sufficient to support the position of the party in question." (*Id.* at p. 851.) Once the moving party has met its burden, the burden shifts to the opposing party to show the existence of a triable issue of fact. (Code Civ. Proc., § 437c, subds. (a), (p)(2).)

We review de novo the record and the determination of the trial court. First, we identify the issues raised by the pleadings, since it is these allegations to which the motion must respond. Second, we determine whether the moving party's showing has established facts negating the opponent's claims and justifying a judgment in the moving party's favor. When a summary judgment motion prima facie justifies a judgment, the final step is to determine whether the opposition demonstrates the existence of a triable issue of fact. (*Salas v. Department of Transportation* (2011) 198 Cal.App.4th 1058, 1067; *Barclay v. Jesse M. Lange Distributor, Inc.* (2005) 129 Cal.App.4th 281, 290.)

### II

The trial court found no triable issue of fact to support the Tindells' action for negligence. According to the court, "[A]s a matter of law, borrowers [Plaintiffs] cannot sue an appraiser [Bradley] for negligence where the appraisal was prepared for a lender. There is no privity of contract between Bradley and Plaintiffs, such that this cause of

14

action fails as a matter of law." The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty and proximate cause resulting in injury. (*McIntyre v. The Colonies-Pacific, LLC* (2014) 228 Cal.App.4th 664, 671.)

In addition, the trial court found the Tindells' cause of action for negligent misrepresentation against Bradley "fails because the representation was made to the lender, not Plaintiffs. Additionally, there is no reliance by Plaintiffs because the representation was made after they signed a binding purchase agreement and was known to Plaintiff[s] prior to completing the purchase."

The elements of a negligent misrepresentation are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Negligent misrepresentation does not require knowledge of falsity, unlike a cause of action for fraud. (*Apollo Capital Fund LLC v. Roth Capital Partners, LLC* (2007) 158 Cal.App.4th 226, 243.)

In regards to their negligence claim, the Tindells state "case law is clear that an appraiser has a duty of care to all people that the appraiser[ ] knows will rely on the appraiser's report." Similarly, in conjunction with their action for negligent misrepresentation, the Tindells argue "It is well established that an appraiser owes a duty to all persons that [t]he appraiser knows with substantial certainty will rely on the representations made in the appraisal in the course of the transaction." In support for both contentions, the Tindells cite *Soderberg v. McKinney* (1996) 44 Cal.App.4th 1760 (*Soderberg*).

In *Soderberg*, a mortgage broker obtained an appraisal of certain real property in order to shop a loan to certain deed of trust investors. The trial court found the appraiser " 'knew that his appraisal was for the purpose of testing the equity for a potential loan' " but there was no evidence the appraiser was informed of the identity of any particular investor. (*Soderberg, supra*, 44 Cal.App.4th at p. 1768.) On appeal, the court held it was

error to grant summary adjudication in favor of the appraiser on the negligent misrepresentation cause of action brought by investors who relied on the appraisal. The court found: "[V]iewing the evidence most favorably to plaintiffs, [the appraiser] knew that a particular group or class of persons to which plaintiffs belonged -- potential investors contacted by [the mortgage broker who ordered the appraisal] -- would rely on his report in the course of a specific type of transaction he contemplated -- investing in a deed of trust secured by the appraised property." (*Id*. at p. 1771.) This was so even though the appraisal itself said it was for the purpose of the mortgage broker in its decision making. (*Id.* at p. 1710)

However, *Soderberg* does not support the Tindells' argument that the trial court erred in granting summary judgment. Instead, we find the Tindells' position analogous to that of the plaintiff in *Willemsen v. Mitrosilis* (2014) 230 Cal.App.4th 622 (*Willemsen*).

In *Willemsen*, a property buyer filed suit against his broker and appraisers alleging negligence, breach of fiduciary duty, and negligent misrepresentation. (*Willemsen, supra*, 230 Cal.App at pp. 624-625.) An appraisal was prepared for the lender and stated it was intended to be used by the lender. The trial court granted the appraisers' motion for summary judgment. (*Id.* at pp. 625-628.) The buyer argued, under *Soderberg*, the appraiser could be liable for negligence and negligent misrepresentation. The appellate court disagreed: "In *Soderberg*, the appraiser issued an appraisal to a mortgage broker with the knowledge and intent that the mortgage broker would distribute it to a class of potential investors who would rely thereon in making their decision to invest or not invest. In the matter before us, however, there is no indication that the . . . Defendants issued their appraisal report with the knowledge or intent that Willemsen would rely upon it in deciding whether to buy or not to buy the property . . . . Rather, they knew and intended that the bank would use the appraisal report in determining whether the property had sufficient value to serve as its collateral." (*Id.* at pp. 631-632.)

16

The plaintiff in *Willemsen* also argued the appraiser knew or must have known there was a loan transaction involving them. The court held: "Here, the appraisal report demonstrates on its face that the . . . Defendants were aware of the contemplated loan transaction and that the appraisal report was intended to influence that transaction. There is no indication, however that the . . . Defendants were aware that Willemsen hoped to use the appraisal report as an investigational tool upon which to base his decision to approve or reject the property . . . ." (*Willemsen, supra*, 230 Cal.App.4th at p. 631.)

The Tindells seek to distinguish *Willemsen*, arguing "the evidence shows that the Respondent knew of the Appellants specific transaction and also that the Plaintiff and his broker were waiting to see if the home was the type of home that was able to obtain financing. Therefore, here, unlike in *Willemsen,* the Appellants are suing for the same harm caused by the Respondent's failure to have provided an accurate appraisal to the lender (i.e. her failure to have indicated in her report that the property was NOT property that was sufficient collateral for the property to be financed."

We are not convinced by the Tindells' efforts to distinguish *Willemsen.* As the trial court noted, the appraisal was prepared for the lender, not the Tindells.

Finally, the trial court found no triable issue of fact to support the unjust enrichment cause of action against Bradley. An individual is required to make restitution if he or she is unjustly enriched at the expense of another. (*First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1662-1663.) We agree with the trial court that Bradley did not receive any unjust enrichment at the Tindells' expense. The lender paid for the appraisal, not the Tindells; Bradley did not acquire a benefit at their expense.

## III

The Tindells also argue the court erred in sustaining Bradley's objection to the declaration of Paul Shepherd and her objections to portions of Linda Tindell's declaration. We review the trial court's ruling on objections to evidence in connection

17

with a summary judgment motion for an abuse of discretion. (*Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694.)

The trial court found the declaration of Paul Shepherd as "irrelevant to the instant Motion under Evidence Code [section] 210." Shepherd provided an opinion as to Bradley's failure to meet the standard of care under a negligence cause of action. However, we agree with the trial court that the Tindells' negligence cause of action fails as a matter of law, making Shepherd's declaration irrelevant.

The trial court also sustained Bradley's objections to Linda Tindell's statements that she was never made aware that the property was a manufactured home and several statements that contradicted her deposition testimony about reliance on Bradley's appraisal. We cannot find the court abused its discretion in sustaining Bradley's objections.

## DISPOSITION

The judgments are affirmed. Murphy and Bradley shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

                                                   RAYE        , P. J.

We concur:

       HOCH         , J.

       NICHOLSON     , J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| RANDY TINDELL et al., | C081424 |
| Plaintiffs and Appellants, | (Super. Ct. No. 50512) |
| v. | ORDER CERTIFYING OPINION FOR |
| LINDA MURPHY et al., | PUBLICATION |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Lassen County, Michele Verderosa, Judge. Affirmed.

Wade Law Group and Amiel Lee Wade for Plaintiffs and Appellants.

Law Offices of Eugene B. Chittock and Eugene B. Chittock for Defendant and Respondent Linda Murphy.

Manning & Kass, Ellrod, Ramirez, Trester, Peter C. Catalanotti and Candace E. Kallberg for Defendant and Respondent Christine Bradley.

1

THE COURT:

The opinion in the above-entitled matter filed on April 6, 2018, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:

————————RAYE————————, P. J.


————————HOCH————————, J.

2