Filed 4/10/25  Underwood v. Hertz CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| DONALD UNDERWOOD, | B340282 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23STCV26175) |
| v. | |
| HERTZ CORPORATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rolf M. Treu, Judge.  Reversed with directions.

Donald Underwood, in pro. per., for Plaintiff and Appellant.

Ford, Walker, Haggerty & Behar, Shayne L. Wulterin, Mark P. Nelson, and Renee E. Jensen for Defendant and Respondent.

# INTRODUCTION

Daniel Kirk rented a car from Hertz Corporation and got into a car accident with Donald Underwood. Underwood sued Hertz for negligence, alleging Hertz rented the car to Kirk without confirming he had a valid driver's license. The trial court sustained Hertz's demurrer to Underwood's second amended complaint without leave to amend. The court ruled the sham pleading doctrine precluded Underwood from alleging Kirk did not have a valid driver's license. Because that doctrine did not apply, we reverse.

# FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Underwood Files This Action Against Hertz*

According to Underwood's allegations, which we accept as true for purposes of reviewing the trial court's ruling on Hertz's demurrer (see *Mathews v. Becerra* (2019) 8 Cal.5th 756, 778), Underwood was driving north on La Brea Avenue when he tried to make a U-turn. Kirk, who was driving a car he rented from Hertz, was also going north on La Brea, but on the wrong side of the road, and speeding. As Underwood turned his car, Kirk's car hit Underwood's car from the left. Kirk's airbags deployed. Kirk was "hostile" and at least initially refused to provide Underwood any "identifying information." Police officers arrived, and Kirk told them he had not purchased insurance when he rented the car.

In his original complaint Underwood alleged that he contacted the "Hertz claims department" and that he told an adjuster that he had taken a picture of Kirk's identification card

2

and "temporary paper driver's license."  Underwood claimed Hertz was negligent "in providing a resolution or relief to [him] in a reasonable time . . . ."

B.      *The Trial Court Sustains Hertz's Demurrer to Underwood's Second Amended Complaint*

After Hertz successfully demurred to Underwood's original complaint and the trial court gave Underwood leave to amend, Underwood tried to file a first amended complaint, but the court rejected it.[1]  The court, however, later gave Underwood leave to file a second amended complaint.  In his second amended complaint Underwood repeated many of the allegations in his original complaint, although he added allegations Hertz was negligent in renting the car to Kirk.  Underwood also alleged he was able (apparently despite Kirk's hostility) to take a picture of Kirk's identification card and what Underwood "believed was his temporary paper driver's license," but he now realized was "the vehicle registration."  Underwood attached two documents to his second amended complaint he had not attached to his original complaint.  The first was a copy of a picture he took of Kirk's California Identification Card.  The second was not, as Underwood originally alleged, a temporary "paper" driver's license, but a "paper" registration showing Hertz owned the car.

Hertz demurred again, arguing the sham pleading doctrine barred Underwood from alleging in his second amended complaint he took pictures of Kirk's identification card and vehicle registration, after he had alleged in his original complaint

---

[1]      Neither Hertz's demurrer to Underwood's original complaint nor Underwood's proposed-but-rejected first amended complaint is in the record.

3

he took pictures of Kirk's identification card and temporary license.  Hertz argued Vehicle Code section 14608, subdivision (a), required Hertz to determine only whether the renter has a valid driver's license, which under Vehicle Code section 12506 a temporary license is.  Underwood did not file an opposition to Hertz's demurrer (although Underwood claims he did).

The trial court sustained the demurrer to the second amended complaint without leave to amend.  The court acknowledged Underwood was "asserting a negligence cause of action by alleging [Hertz] was negligent in renting a vehicle to an unlicensed driver."  The court ruled, however, Underwood's allegation in the second amended complaint that Kirk did not have a driver's license contradicted Underwood's allegations in his original complaint that Kirk had a temporary driver's license.  The court ruled that, by failing to file an opposition, Underwood had not provided "an explanation for the inconsistency" and that the court would "read the original defect into" the second amended complaint.  The court entered judgment in favor of Hertz, and Underwood timely appealed.

## DISCUSSION

A.     *Standard of Review*

"'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.'" (*Mathews v. Becerra, supra,* 8 Cal.5th at p. 768.)  We "'accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law.'" (*Capito v. San Jose Healthcare System, LP* (2024)

4

17 Cal.5th 274, 280.)  We "'accept as true even improbable alleged facts, and we do not concern ourselves with the plaintiff's ability to prove [the] factual allegations.'" (*Bath v. State of California* (2024) 105 Cal.App.5th 1184, 1193; see *River's Side at Washington Square Homeowners Assn. v. Superior Court* (2023) 88 Cal.App.5th 1209, 1227.)  "We liberally construe the pleading with a view to substantial justice between the parties." (*Stella v. Asset Management Consultants, Inc.* (2017) 8 Cal.App.5th 181, 190.)  Where, as here, "the demurrer was sustained without leave to amend, we consider whether there is a 'reasonable possibility' that the defect in the complaint could be cured by amendment." (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1050.)

B.     *The Trial Court Erred in Sustaining Hertz's Demurrer*

"Under the sham pleading doctrine, a plaintiff cannot avoid allegations that are determinative to a cause of action simply by filing an amended complaint which omits the problematic facts or pleads facts inconsistent with those alleged in the original complaint.  The doctrine precludes a plaintiff from amending a complaint to omit harmful allegations without explanation, from previous complaints to avoid attacks raised in demurrers.  Instead, the plaintiff must satisfactorily explain such an omission.  Failure to provide such an explanation allows the court to disregard the inconsistent allegations and read into the amended complaint the allegations of the superseded complaint." (*Tindell v. Murphy* (2018) 22 Cal.App.5th 1239, 1248.)  "Critically, the sham pleading doctrine 'cannot be mechanically applied.'  [Citation.]  It 'is not intended to prevent honest complainants from correcting erroneous allegations or prevent

5

the correction of ambiguous facts.' [Citation.] Instead 'the rule must be taken together with its purpose, which is to prevent [an] amended pleading which is only a sham, when it is apparent that no cause of action can be stated truthfully.'" (*JPMorgan Chase Bank, N.A. v. Ward* (2019) 33 Cal.App.5th 678, 690; see *Amarel v. Connell* (1988) 202 Cal.App.3d 137, 144 [sham pleading doctrine "is reserved . . . for the extreme case, and it may not be indiscriminately applied"].)

The trial court erred in applying the sham pleading doctrine to Underwood's second amended complaint. First, there was no real inconsistency or contradiction. Underwood alleged in his initial complaint that, despite initial Kirk's hostility and refusal to exchange information after the accident, Underwood was able to obtain pictures of two of Kirk's documents: his identification card and temporary license. Underwood clarified in his second amended complaint that the two documents he saw were actually Kirk's identification card and the vehicle's registration. Such clarifications to correct honest mistakes do not warrant imposing the sham pleading doctrine. (See *Panterra GP, Inc. v. Superior Court* (2022) 74 Cal.App.5th 697, 711 ["'a plaintiff is bound by an allegation in an earlier version of the complaint even though the allegation is omitted from later versions, but this rule is subject to the exception that a party will be allowed to correct a pleading by omitting an allegation made as a result of mistake or inadvertence'"]; *Zakk v. Diesel* (2019) 33 Cal.App.5th 431, 449 [sham pleading doctrine did not apply where "the amended pleading merely clarifies the basis for [the plaintiff's] claims for relief"]; *Berman v. Bromberg* (1997) 56 Cal.App.4th 936, 946 [sham pleading doctrine is not "'"intended to prevent honest complainants from correcting erroneous allegations of

generic terms which may have legal implications but which are also loosely used by laymen or to prevent the correction of ambiguous statements of fact""].) Moreover, although Underwood alleged in his original complaint he took a picture of a temporary paper license, he did not allege it was valid. Vehicle Code section 12506 provides: "A temporary license permits the operation of a motor vehicle upon the highways for a period of 60 days, if the licensee has the temporary license in his or her immediate possession, and while the department is completing its investigation and determination of all facts relative to the applicant's right to receive a license. The temporary license is invalid when the applicant's license has been issued or refused." Underwood did not allege Kirk's temporary license complied with these requirements or was valid at the time of the accident.

Second, the sham pleading doctrine does not apply where the plaintiff provides a reasonable explanation for the purported inconsistency. (See *JPMorgan Chase Bank, N.A. v. Ward*, *supra*, 33 Cal.App.5th at p. 690 [sham pleading doctrine does not apply "where a plaintiff clearly shows that the earlier pleading is the result of mistake or inadvertence"]; *Larson v. UHS of Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 344 [plaintiffs "may avoid the effect of the sham pleading doctrine by alleging an explanation for the conflicts between the pleadings"]; *Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 426 [sham pleading doctrine does not apply where the plaintiff offers "a plausible explanation for the amendment"].) Although Underwood did not file an opposition to Hertz's demurrer to his second amended complaint, his explanation for the change in his allegations was right there in his second amended complaint. He alleged he took a picture of Kirk's identification card and "what he believed was

7

his temporary driver's license," but was actually "the vehicle registration."  He also attached the picture he took of the registration card.  Underwood made a reasonable mistake in calling the vehicle registration a "paper license."  (See *Dones v. Life Ins. Co. of North America* (2020) 55 Cal.App.5th 665, 688 [sham pleading doctrine did not apply where "the amendment did not alter the fundamental facts upon which the claim was based" and the explanation for the amendment "was not inherently implausible"].)  Indeed, it was only half a mistake:  He got the "paper" part right.

## DISPOSITION

The judgment is reversed.  The trial court is directed to vacate its order sustaining Hertz's demurrer without leave to amend and to enter a new order overruling the demurrer. Underwood is to recover his costs on appeal.


SEGAL, Acting P. J.


We concur:


FEUER, J.            STONE, J.


8