*SEE DISSENTING OPINION*

Filed 6/25/25  Steinbruner v. County of Santa Cruz CA6
### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| REBECCA (BECKY) STEINBRUNER,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SANTA CRUZ et al.,<br><br>Defendants and Respondents,<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION,<br><br>Real Party in Interest and Respondent. | H051880<br>(Santa Cruz County<br>Super. Ct. No. 20CV00443) |

Plaintiff Rebecca Steinbruner sued the County of Santa Cruz, several of its employees, and the California Department of Forestry and Fire Protection (CalFire).  Her operative first amended petition for writ of mandate sought to overturn the results of a vote by affected property owners to create a fire protection and emergency response services benefit assessment.  Plaintiff moved to amend the operative petition three times, all of which were denied for procedural reasons.  The trial court sustained a demurrer to the operative petition without leave to amend, finding it fatally uncertain.  For the reasons explained here, we will reverse the judgment and allow leave to amend because plaintiff has demonstrated a reasonable possibility of stating two causes of action in an amended petition.

# I. TRIAL COURT PROCEEDINGS

Representing herself, plaintiff petitioned for writ of mandate in February 2020, naming only the county as a defendant. In the operative first amended petition filed in June 2020, she also named as codefendants: the county's director of general services, the county administrative officer, the Board of Supervisors, the county clerk and elections manager, and the county fire chief. (We refer to those defendants collectively as the "county defendants.") The operative petition named CalFire as a real party in interest. The operative petition contains 22 causes of action alleging violations of, among other things, articles XIII C and XIII D of the California Constitution, Government Code section 50078.2, and Elections Code sections 3020 and 4000. The action seeks to overturn the results of a vote to impose an assessment for fire protection and emergency services on properties within County Service Area 48.

Default judgment was entered at plaintiff's request in August 2020 before the administrative record was completed. The trial court set aside the default later that month. (Citing Code Civ. Proc., §§ 1088, 1089.5 [responsive pleading deadline is 30 days after receipt of an administrative record].)

Plaintiff moved for leave to file a second amended petition in July 2021. That trial court denied that motion without prejudice, based on procedural defects. (Citing Cal. Rules of Court, rules 3.1324(b) [requirements for amended pleadings]; 2.108 [spacing], 2.112 [requirements for listing causes of action].) The court directed that any further amendments "be streamlined to comply with [Code of Civil Procedure section] 425.10, by stating only the material and 'ultimate' facts constituting the cause of action 'in ordinary and *concise* language.' "

Plaintiff lodged an administrative record with the trial court in September 2021. Plaintiff moved again for leave to file a second amended petition in December 2022. The trial court denied that motion without prejudice based on the same pleading defects as in plaintiff's earlier motion. The order stated, "due to the continued delay caused by

2

[plaintiff's] failure to adhere to procedural rules, any future nonconforming amendment will result in a denial of a motion with prejudice." (Citing Cal. Rules of Court, rules 3.1324(a), 2.108, 2.112.) The trial court granted plaintiff's ex parte application for an extension of time to augment the administrative record. Plaintiff lodged the augmented administrative record in April 2023.

Plaintiff moved a third time for leave to file a second amended petition in May 2023. The proposed amended petition includes 38 causes of action. Plaintiff's supporting declaration purported to delete the entire operative petition "to comply with the Court's Order to streamline the document." But the declaration also describes each cause of action in the proposed second amended petition, including page and line references for corresponding causes of action in the operative petition.

The trial court denied plaintiff's motion with prejudice, finding plaintiff "continues to fail to comply with the Court's previous instructions and the Rules of Court." The court noted plaintiff's declaration was contradictory, purporting to delete the entire operative petition while also stating that some allegations in new causes of action "consolidate" or replicate allegations made in the operative pleading, "prevent[ing] any meaningful comparison" of the existing versus proposed petitions.

The county defendants demurred to the operative petition, arguing the petition was ambiguous, unintelligible, and uncertain (citing Code Civ. Proc., § 430.10, subd. (f)), and that specific causes of action failed to state a cause of action (citing *id.*, subd. (e)). CalFire joined the county defendants' demurrer, and demurred on the additional grounds of misjoinder, failure to state a cause of action, and uncertainty. (Citing Code Civ. Proc., § 430.10, subds. (d), (e), (f).)

The trial court sustained the county defendants' demurrer without leave to amend. The court found the county defendants' demurrer was timely filed before the deadline the court established after denying plaintiff's third motion to file a second amended petition. The court found the operative petition "so vague, ambiguous, uncertain and unintelligible

3

as to render it fatally flawed."  The trial court found no reasonable possibility that the defects could be cured by amendment, based on plaintiff's three failed attempts to amend. Plaintiff moved for reconsideration in the trial court, but appealed from the judgment of dismissal before the trial court decided the reconsideration motion.  The trial court denied reconsideration because plaintiff's appeal divested the court of jurisdiction to hear her motion.  Plaintiff's unopposed request for judicial notice of trial court filings in this case relating to the reconsideration motion is granted.  (Evid. Code, §§ 459, 452, subd. (d).)

## II.  DISCUSSION

### A.  SCOPE OF APPELLATE REVIEW

"While a notice of appeal must be liberally construed, it is the notice of appeal which defines the scope of the appeal by identifying the particular judgment or order being appealed."  (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.)  Plaintiff appealed from the judgment of dismissal, which followed the trial court's order sustaining the county defendants' demurrer without leave to amend.  As such, the scope of our review is therefore limited to deciding whether the demurrer was properly sustained without leave to amend.  The preceding denials of plaintiff's motions to amend the operative complaint are not directly reviewable in this appeal, although we will consider the proposed amended pleadings to determine if it is reasonably possible an amendment would cure the defect that caused the demurrer to be sustained.  The trial court's order denying reconsideration for lack of jurisdiction, entered after plaintiff appealed, is also not reviewable in this action.  (See *Jack v. Ring LLC* (2023) 91 Cal.App.5th 1186, 1211 [appeal divests trial court of jurisdiction to reconsider the order being appealed].)

### B.  THE DEMURRER WAS PROPERLY SUSTAINED

We review de novo a judgment of dismissal based on a sustained demurrer, and we will reverse the dismissal if the plaintiff's allegations state a cause of action under any legal theory.  (*Organizacion Comunidad de Alviso v. City of San Jose* (2021)

4

60 Cal.App.5th 783, 790.)  We assume the truth of all facts alleged in the petition (*id.* at pp. 790–791), but we do not consider conclusory factual or legal allegations.  (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 953.)  "[A]llegations must be liberally construed, with a view to substantial justice between the parties." (Code Civ. Proc., § 452.)  "The plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer." (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

The trial court here sustained the demurrer on the ground that the operative petition was uncertain.  (Code Civ. Proc., § 430.10, subd. (f).)  Though a demurrer for uncertainty is generally disfavored, dismissal on that ground is warranted if the pleading is "so incomprehensible that a defendant cannot reasonably respond."  (*Lickiss v. Financial Industry Regulatory Authority* (2012) 208 Cal.App.4th 1125, 1135.)  Even viewing the operative petition liberally and favorably, we find no error in sustaining the demurrer.

The operative petition consists of 50 pages of single-spaced text.  Many causes of action are alleged ambiguously against "Respondents" and do not specify the party or parties to whom they are directed, as required by court rules.  (Cal. Rules of Court, rule 2.112(4).)  The causes of action also contain unnecessarily lengthy factual recitations and citations to multiple laws, making the nature of the causes of action unclear.  (Code Civ. Proc., § 425.10, subd. (a)(1) [complaint shall contain "A statement of the facts constituting the cause of action, in ordinary and concise language."].)

We agree with the trial court that the operative petition is fatally uncertain, and plaintiff's appellate brief fails to affirmatively show error in that decision.  Plaintiff argues the county defendants' demurrer was untimely because it was not filed within 30 days after the June 2020 operative petition.  But she did not finalize the administrative record until April 2023.  (See Code Civ. Proc., § 1089.5 ["where a record of the

5

proceeding to be reviewed has been requested ... and has not been filed with the petition, the party upon whom the petition has been served, including any real party in interest, shall answer or otherwise respond within 30 days following receipt of a copy of the record."].)  After plaintiff sought unsuccessfully to amend the operative petition, the order denying the third motion to file a second amended petition set a deadline for a responsive pleading, which the county defendants met by filing their demurrer.

Plaintiff's remaining procedural arguments about the county defendants' actions in the trial court are not persuasive.  She argues that the county defendants' demurrer was "broad and conclusory," but the demurrer stated both that the entire operative petition was unintelligible and that individually identified causes of action failed to state facts constituting a cause of action.  We also reject plaintiff's argument that the county defendants violated Code of Civil Procedure section 430.41 by failing to meet and confer before demurring, because that section expressly provides that even an insufficient meet and confer process "shall not be grounds to overrule or sustain a demurrer."  (Code Civ. Proc., §430.41, subd. (a)(4).)

## C. LEAVE TO AMEND

We review the denial of leave to amend for abuse of discretion.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 971.)  Leave to amend should be granted where it is reasonably possible that an amendment would cure the defect that caused a demurrer to be sustained.  (*Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 145.)  Plaintiff bears the burden of proving an amendment would cure the defect.  (*Tindell v. Murphy* (2018) 22 Cal.App.5th 1239, 1247.)

The trial court denied plaintiff's third motion to amend the operative petition, citing her "ever-changing theories, her inability, after three attempts, to comply with the Rules of Court and [the] Court's explicit orders, and the 3-year delay that this has caused."  Plaintiff argues the pleadings she proposed in the trial court demonstrate a reasonable possibility of curing the defects in the operative petition.  We have reviewed

6

the May 2023 proposed second amended petition lodged with plaintiff's third motion to amend (proposed petition) to determine whether she has shown a reasonable possibility of amending the operative petition to state a cause of action.

The proposed petition's 22 double-spaced pages allege 38 causes of action. Like the operative petition, the proposed petition challenges the county's compliance with various laws when proposing, studying, and conducting an election on a fire protection and emergency services assessment for County Service Area 48. The core of plaintiff's case is her argument that defendants violated article XIII D of the California Constitution in two specific ways when approving the special assessment. First, by not demonstrating the proportionality of the benefit received by the assessed properties. (Cal. Const., art. XIII D, § 4, subd. (f) ["In any legal action contesting the validity of any assessment, the burden shall be on the agency to demonstrate that the property or properties in question receive a special benefit over and above the benefits conferred on the public at large and that the amount of any contested assessment is proportional to, and no greater than, the benefits conferred on the property or properties in question."].) And second, by not showing that the assessment would charge no more than the reasonable cost of providing special benefit to each assessed parcel. (Cal. Const., art. XIII D, § 4, subd. (a) ["No assessment shall be imposed on any parcel which exceeds the reasonable cost of the proportional special benefit conferred on that parcel."].)

The "proportionality" theory was alleged in the operative petition's third cause of action, but that cause of action was defective because it alleged multiple legal theories. The same proportionality theory appears in the proposed petition's fourth cause of action, which alleges that defendants "fail[ed] to show clear and accurate proportionality of benefit to all properties assessed as a result of the proposed assessment and assessed properties that are served primarily by other fire jurisdictions and would therefore receive less or no special benefit." (We acknowledge that the proposed petition incorrectly refers to "Article XIIID (f)" instead of article XIII D, *section 4*, subdivision (f).) Plaintiff has

7

consistently alleged this proportionality theory in her various petitions, and she substantially complied with the California Rules of Court by describing in her supporting declaration the changes she made to the operative petition's third cause of action to allege it as the fourth cause of action in the proposed petition. Because proportionality is required of benefit assessments imposed under Article XIII D, we conclude plaintiff has demonstrated a reasonable possibility that an amended petition will state a cause of action based on this proportionality theory.

The "reasonable cost" theory was alleged in the operative petition's 14th cause of action. It appears in the proposed petition's sixth cause of action, which alleges defendants "failed to prove that each parcel's assessment did not exceed the reasonable cost of the proportional special benefit conferred on each such assessed parcel." (Italics and underscoring omitted.) That cause of action cites "California Constitution Article XIIID Section 4(a)." Here again, plaintiff has consistently alleged this theory in her various petitions, and she substantially complied with the California Rules of Court by describing in her supporting declaration the changes she made to the operative petition's 14th cause of action to allege it as the sixth cause of action in the proposed petition. Because excessive assessments are prohibited under Article XIII D, we conclude plaintiff has demonstrated a reasonable possibility that an amended petition will state a cause of action based on this reasonable cost theory.

Plaintiff has not satisfied her burden to show a reasonable possibility of amendment to state any other cause of action or cure any other deficiency. But because she has met her burden as to the two causes of action we have discussed, she must be permitted to file a second amended petition *limited to* those two causes of action. The second amended petition may not allege any cause of action other than the two we have identified. We emphasize that nothing in our opinion should be interpreted as a comment on the adequacy, strength, or merit of plaintiff's allegations.

8

### III.    DISPOSITION

The judgment is reversed.  The matter is remanded for the limited purpose of allowing plaintiff to file a second amended petition that alleges two causes of action functionally identical to the fourth and sixth causes of action in plaintiff's May 2023 proposed second amended petition.  This directive is to be strictly observed and no other cause of action may be alleged.  In the interest of justice, each party shall bear its own appellate costs.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Grover, J.

**I CONCUR:**

_____

Greenwood, P. J.

H051880
*Steinbruner v. County of Santa Cruz et al.*

WILSON, J., Dissenting.

I respectfully dissent.  Although I agree with the majority that the trial court properly sustained the county defendants' demurrer, I would not hold that the trial court abused its discretion by denying leave to amend.  In my view, plaintiff failed to carry her threshold burden on appeal of proving a reasonable possibility that the defects in the operative petition can be cured by amendment, or otherwise demonstrating that the trial court abused its discretion.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*); *Tindell v. Murphy* (2018) 22 Cal.App.5th 1239, 1247, 1251 (*Tindell*).)

## A.  Standard of review

As the majority notes, an appellate court reviews the denial of leave to amend for abuse of discretion.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 971.)

A trial court abuses its discretion only "when it exceeds the ' "bounds of reason" ' in exercising it, having considered all the circumstances before it."  (*In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481, 500 (*In re Marriage of Brewster & Clevenger*), quoting *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 (*Denham*).)  "A ruling that constitutes an abuse of discretion has been described as one that is ' "so irrational or arbitrary that no reasonable person could agree with it." ' [Citation.]"  (*In re Marriage of Brewster & Clevenger, supra*, at p. 500, quoting *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)  The reviewing court will not substitute its opinion and divest the trial court of its discretionary power unless the appellant shows a clear case of abuse and a miscarriage of justice.  (*In re Marriage of Brewster & Clevenger, supra*, at p. 500, citing *Denham, supra*, at p. 566.)

Abuse of discretion is not established "by merely arguing that a different ruling would have been better."  (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281, citing *Denham, supra,* 2 Cal.3d at p. 566; see also, *Jones v. Solgen Construction,*

1

*LLC* (2024) 99 Cal.App.5th 1178, 1203 [a "merely debatable" ruling cannot be deemed an abuse of discretion].)

Significantly, the burden of establishing an abuse of discretion is on the complaining party. (*Denham, supra*, 2 Cal.3d at p. 566.) That burden has been described as a " 'daunting task' confronting an appellant who seeks reversal of a trial court's discretionary ruling." (*Dreamweaver Andalusians, LLC v. Prudential Insurance Company of America* (2015) 234 Cal.App.4th 1168, 1171 (*Dreamweaver*).)

Consistent with that, as the majority here recognizes, in the context of reviewing a trial court's sustaining of a demurrer without leave to amend, the burden of proving a reasonable possibility of curing the defects in the operative pleading "is squarely on the plaintiff." (*Blank, supra*, 39 Cal.3d at p. 318, citing *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636.) To carry that burden, a plaintiff "must identify some legal theory or state facts that can be added by amendment to change the legal effect of [the] pleading." (*Tindell, supra*, 22 Cal.App.5th at p. 1251, citing *Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 520, fn. 16; see also, *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44 [neither the trial court nor appellate court will rewrite a complaint].)

Moreover, as a general matter, to demonstrate error, an appellant "must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) When an appellant asserts a point but fails to support it with reasoned argument and citations to authority, we may treat the point as forfeited. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) A reviewing court is not required to search the record for error or to develop an appellant's arguments for her. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

2

### B. *Plaintiff failed to carry her burden here*

The trial court documented plaintiff's multiple attempts to amend the petition in this case. As it explained, "over the last three years Petitioner has attempted to obtain leave to amend, [but] she has persistently failed to conform those efforts to procedural requirements." Further, the court explained, "[t]he result is that neither the Court nor any party could discern what her changes were. In her first attempt at leave to amend, she provided a proposed amendment, but it suffered the same defects as the First Amended Petition, and grew from 22 causes of action to 25 followed by an 'Introduction' of approximately 50 pages that was unintelligible."

The court identified the same defects with plaintiff's second and third attempts to amend the petition: "her proposed amended petition again suffered from the same significant problems as the first. [Citation.] In her third attempt, she failed to provide a proposed amended pleading that identified the changes from the First Amended Petition, instead opting to confusingly set out the changes in a declaration. [Citation.] None of these efforts provided the Court or the parties with any cognizable means of determining who was sued for what, what facts supported her claims, and what law the parties allegedly violated in the special assessment ballot process."

On appeal, plaintiff has failed to identify any legal theory or state any facts that can be added by amendment to change the legal effect of her pleading. (*Tindell, supra*, 22 Cal.App.5th at p. 1251.) Instead, she merely asserts that she complied with the trial court's order for submitting a proposed amended pleading, and that she "diligently provided documented descriptions of the differences between the FAC and the proposed SAC, correcting deficiencies that troubled Respondents regarding Rules of Court 3.1324 (a)(2) and (3), 3.1324(b), 2,108, and 2.112 and CCP 425.10 'necessary to preserve from dismissal and in furtherance of justice supporting public benefit." Similarly, plaintiff simply declares that she "made multiple good-faith efforts to amend her FAC in

3

compliance with [the trial court's] [o]rders that should have been allowed in interest of promoting justice and civil due process."

In my view, this is insufficient to satisfy the "daunting task" that falls squarely on plaintiff to establish a reasonable possibility of amendment, in light of the defects identified by the trial court. (*Dreamweaver Andalusians, supra,* 234 Cal.App.4th at p. 1171.) I recognize the policy of " 'great liberality in permitting amendments to pleadings at any stage of the proceeding.' " (*Berman v. Bromberg* (1997) 56 Cal.App.4th 936, 945, quoting *Sullivan v. City of Sacramento* (1987) 190 Cal.App.3d 1070, 1081.) However, I also recognize the competing policies discussed above, including that, when two or more inferences can reasonably be deduced from the facts, a reviewing court has no authority to substitute its decision for the trial court's. (*In re Marriage of Brewster & Clevenger, supra*, 45 Cal.App.5th at p. 500.)

In addition, I believe this is an instance where assessing the propriety of granting leave to amend involves the kind of "global assessment" based on "the entirety of a case" which the trial court "inevitably will be more familiar with than the appellate courts that may subsequently encounter the case in the context of a few briefs, a few minutes of oral argument, and a cold and often limited record," and which is therefore more appropriate for judicial discretion. (*Benson v. Southern California Auto Sales, Inc.* (2015) 239 Cal.App.4th 1198, 1207, citing *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 713.)

I respectfully dissent.

4

*SEE DISSENTING OPINION*

<br>

_____
WILSON, J.

*Steinbruner v. County of Santa Cruz et al.*
H051880