Filed 6/15/26  Ventura Harbor Restaurant Associates v. Ventura Port Dist. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| VENTURA HARBOR RESTAURANT ASSOCIATES, INC.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>VENTURA PORT DISTRICT,<br><br>    Defendant and Respondent. | 2d Civ. No. B344145<br>(Cons. w/B346997)<br>(Super. Ct. No. 56-2022-00572144-CU-MC-VTA)<br>(Ventura County) |

This appeal involves the interpretation of article XIII C and article XX, section 22 of the California Constitution.[1]  Article XIII C prohibits local governments from imposing a tax without voter approval.  Article XX, section 22 provides that the state "shall have the exclusive right and power to license and regulate the . . . sale [and] purchase . . . of alcoholic beverages within the

_____

[1] All references to articles are to the articles of the California Constitution.

State . . . ."

The appeal presents two questions. First, if a local government leases commercial real property to a tenant and the lease contains a percentage rent clause based on a percentage of the tenant's gross income, does the clause impose a tax in violation of Article XIII C? Second, if the tenant is a restaurant that sells food and alcoholic beverages, does the clause violate article XX, section 22? We conclude that the answer is "no" to both questions.

In case no. B344145, plaintiff Ventura Harbor Restaurant Associates, Inc. appeals the judgment entered after the trial court granted the motion for summary judgment filed by defendant and respondent Ventura Port District (District). In case no. B346997, appellant appeals the postjudgment order awarding District its reasonable attorney fees. The latter appeal was consolidated with the appeal in case no. B344145. As to both appeals, we affirm.

*Background*

District "is an Independent Special District within the City of Ventura." It "is the owner/operator of the Ventura Harbor." Appellant is the sublessee of commercial real property under a master lease with District. The sublease expressly incorporates all of the terms of the master lease. Appellant agreed "to perform and comply with, for the benefit of Sublessor and Master Lessor, each and every obligation of Sublessor under the Master Lease . . . ."

The sublease provides, "The premises shall be used and occupied only for a commercial restaurant and bar business and related purposes." Both the master lease and the sublease state that, in addition to the minimum monthly rental, the lessee or

2

sublessee shall pay a percentage of gross income derived from all sales conducted on or from the premises.

Appellant's complaint against District consisted of three causes of action.  The first two causes of action are at issue in this appeal.  They alleged that the percentage rent clause violates article XIII C and article XX, section 22 of the California Constitution.  Appellant claimed it had "paid three percent (3%) Percentage Rent on food and alcohol sales since 2016."  Appellant asserted that, "[d]uring the last year," it had paid percentage rent of "$33,421.09 for food sales and $14,072.20 for alcohol sales."

*Appellate Review of Order Granting*
*Motion for Summary Judgment*

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)  "Summary judgment is granted when a moving party establishes the right to the entry of judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).) A 'party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law.' [Citation.]  Once the moving party meets this initial burden, the burden then shifts to the party opposing summary judgment to establish, by means of competent and admissible evidence, that a triable issue of material fact still remains.  [Citation.]" (*Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 525.)

"Because summary judgment motions involve purely questions of law, we review the grant of summary judgment de novo.  [Citation.]  In performing our independent review, we

3

conduct the same procedure used by the trial court." (*Y.K.A. Industries, Inc. v. Redevelopment Agency of City of San Jose* (2009) 174 Cal.App.4th 339, 354.)

*As a Matter of Law, the Percentage Rent*
*Clause Does Not Violate Article XIII C*

In 1996 the voters passed Proposition 218, which added article XIII C to the California Constitution. (*City of San Buenaventura v. United Water Conservation Dist.* (2017) 3 Cal.5th 1191, 1200.) Article XIII C "restricts the authority of local governments to impose taxes by, among other things, requiring voter approval of all taxes imposed by local governments. In 2010, voters passed Proposition 26, which further expanded the reach of article XIII C's voter approval requirement by broadening the definition of ' "tax" ' to include 'any levy, charge, or exaction of any kind imposed by a local government.' [Citation.] The definition contains [seven] exceptions for certain types of exactions . . . ." (*City of San Buenaventura, supra,* at p. 1200.)

Appellant contends the percentage rent clause in the master lease and sublease imposes a charge or exaction that does not fall within any of the exceptions. Therefore, the percentage rent is an invalid tax because the voters did not approve it.

"In the case of a constitutional provision enacted by the voters, their intent governs. [Citations.] To determine intent, " 'The court turns first to the words themselves for the answer." ' [Citations.] 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent . . . of the voters . . . .' " (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 (*Delaney*).)

4

"The language of article [III C] . . . is clear and unambiguous as to the question presented in this case." (*Delaney*, *supra*, 50 Cal.3d at p. 798.) Article XIII C, section 1, subdivision (e)(4) (the fourth exception) provides: " '[T]ax' means any levy, charge, or exaction of any kind imposed by a local government, except the following: . . . (4) A charge imposed for . . . the purchase, rental, or lease of local government property." The percentage rent clause clearly falls within the fourth exception. It imposes a charge for the rental or lease of District's property. In the master lease the percentage rent clause is under the heading, "**Additional Percentage Rental.**" In the sublease the clause is under the heading, "<u>**Base Rent.**</u>" "A charge that satisfies an exception is, by definition, not a tax." (*Citizens for Fair REU Rates v. City of Redding* (2018) 6 Cal.5th 1, 11.)

"A percentage lease provides a lessor with a hedge against inflation and automatically *adjusts the rents* if the location becomes more valuable. [Citations.] It is advantageous to the lessee if the 'location proves undesirable or his enterprise proves unsuccessful.' [Citation.] Thus, both parties share in the inherent business risk." (*College Block v. Atlantic Richfield Co.* (1988) 206 Cal.App.3d 1376, 1380, italics added.)

Appellant asserts that the percentage rent charge must meet the "reasonableness" requirement of the last paragraph of article XIII C, section 1, subdivision (e): "The local government bears the burden of proving by a preponderance of the evidence that a levy, charge, or other exaction is not a tax, that the amount is no more than necessary to cover the *reasonable costs* of the governmental activity, and that the manner in which those costs are allocated to a payor bear a fair or *reasonable*

5

relationship to the payor's burdens on, or benefits received from, the governmental activity."  (Italics added.)

Appellant claims: "[I]t was reversible error for the Superior Court to rule as a matter of law that no reasonableness requirement applies to [] District's charges for 'percentage rent' as a tax exemption under [article XIII C, s]ection 1(e)(4)."  "The absence of any cost-or benefit-justification for the percentage rent imposed on appellant violates this reasonableness requirement."  "[N]o rational basis has ever been determined for the amount of percentage rent collected from appellant."

The fourth exception does not contain a reasonableness requirement.  But article XIII C, section 1, subdivisions (e)(1), (2), and (3) contain such a requirement:  "(e) As used in this article, 'tax' means any levy, charge, or exaction of any kind imposed by a local government, except the following:  (1) A charge imposed for a specific benefit conferred or privilege granted directly to the payor that is not provided to those not charged, and which does not exceed the *reasonable* costs to the local government of conferring the benefit or granting the privilege.  (2) A charge imposed for a specific government service or product provided directly to the payor that is not provided to those not charged, and which does not exceed the *reasonable costs* to the local government of providing the service or product.  (3) A charge imposed for the *reasonable regulatory costs* to a local government for issuing licenses and permits, performing investigations, inspections, and audits, enforcing agricultural marketing orders, and the administrative enforcement and adjudication thereof." (Italics added.)

We agree with the trial court's reasoning: "[T]he presence of a reasonableness requirement in [article XIII C, section 1,]

subdivisions (e)(1), (2) and (3), and the absence of a reasonableness requirement in subdivision (e)(4) indicates that there is no reasonableness requirement for . . . subdivision (e)(4)."

In *Howard Jarvis Taxpayers Assn. v. Bay Area Toll Authority* (2020) 51 Cal.App.5th 435 (*Bay Area Toll*), the court employed similar reasoning in interpreting article XIII A, section 3, subdivision (b), which lists exceptions to a state charge that would otherwise be a tax requiring approval by a two-thirds vote of both houses of the legislature. The exceptions mirror the first five exceptions of article XIII C, section 1, subdivision (e). Article XIII A, section 3, subdivision (d) is identical to the last paragraph of article XIII C, section 1, subdivision (e), except that subdivision (d) puts the burden of proof upon the state, while the last paragraph of subdivision (e) puts the burden of proof upon the local government.[2] *Bay Area Toll* concluded: "The first three exceptions to the general definition of 'tax' contain language limiting the charge to reasonable costs; the fourth and fifth exceptions do not. The absence of 'reasonable cost' language in the latter exceptions, when it is present in the first three, strongly suggests the limitation does not apply where it is not stated. And . . . reading article XIII A, subdivision (d) of section 3 as applicable to all of the subdivision (b) exceptions would render the express reasonableness language in the first three exceptions

_____

[2] Article XIII A, section 3, subdivision (d) provides: "The State bears the burden of proving by a preponderance of the evidence that a levy, charge, or other exaction is not a tax, that the amount is no more than necessary to cover the reasonable costs of the governmental activity, and that the manner in which those costs are allocated to a payor bear a fair or reasonable relationship to the payor's burdens on, or benefits received from, the governmental activity."

7

surplusage. ' "A construction making some words surplusage is to be avoided." ' " (*Bay Area Toll, supra*, at pp. 459-460.)

Furthermore, it would be absurd to construe the last paragraph of article XIII C, section 1, subdivision (e) as limiting a real property rental charge to an "amount [that] is no more than necessary to cover the reasonable costs of the governmental activity." (*Ibid*.) District notes: "Appellant's reading of [subdivision (e)] would restrict what a local government can charge for total rent to [its] 'real property leasing costs.' . . . Presumably this would only include minimal expenses such as real estate commission, costs to review the lease and the like. The rent would be largely uncorrelated to the size, location, or desirability of the property being leased."

In support of its argument that a reasonableness requirement applies to the fourth exception of article XIII C, section 1, subdivision (e), appellant cites *Zolly v. City of Oakland* (2020) 47 Cal.App.5th 73, review granted Aug. 12, 2020, S262634 (*Zolly*). There, "[t]he City of Oakland . . . entered into various waste management contracts with [two companies]. As part of those contracts, [the companies] agreed to pay franchise fees to the City . . . ." (*Id*., at p. 78.) The Court of Appeal held that "a franchise fee, arguably subject to the fourth exemption in article XIII C, section 1, subdivision (e), must still be reasonably related to the value of the franchise. [Citation.] Only that portion with a reasonable relationship may be exempt from the 'tax' definition." (*Id*., at p. 88.) The court explained: "The purpose [of Proposition 26] was to expand the definition of 'tax' to require more types of fees and charges be approved by two-thirds of the Legislature or by local voters. Proposition 26's findings and declarations of purpose expressly note it was passed in response to 'the recent

8

phenomenon whereby the Legislature and local governments have disguised new taxes as "fees" in order to extract even more revenue from California taxpayers without having to abide by these constitutional voting requirements.' " (*Ibid.*)[3]

*Zolly*, *supra*, 47 Cal.App.5th 73, is distinguishable. A local government's charge of percentage rent in a lease of commercial real property cannot be characterized as a "franchise fee." "A franchise . . . is a form of property [citation], and a franchise fee is the purchase price of the franchise." (*Jacks v. City of Santa Barbara* (2017) 3 Cal.5th 248, 262.) Nor can percentage rent be characterized as an attempt to disguise a new tax as a "fee." "A lease provision providing for a percentage rent is a valid and enforceable obligation of the tenant." (10 Miller & Starr, Cal. Real Estate (4th ed. 2025) § 34:72.) "A provision for rent based on a percentage of the lessee's gross receipts is standard in mall and other retail leases." (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1670.) The trial court aptly

---

[3] In *Zolly v. City of Oakland* (2022) 13 Cal.5th 780, 797, the Supreme Court affirmed the Court of Appeal's judgment. The Supreme Court did not decide whether article XIII C, section 1, subdivision (e)(4) includes a reasonableness requirement. (*Id.*, at p. 796 ["As we conclude Oakland has not demonstrated that Exemption 4 applies to its challenged fees, we do not address the Court of Appeal's holding that Exemption 4 should be interpreted to include a requirement that an exempt fee be 'reasonably related to the value of the franchise' "].) *Bay Area Toll* noted: "The *Zolly* court [the Court of Appeal] did not engage in the textual analysis that leads us to conclude subdivision (d) of article XIII A, section 3, does not impose a substantive requirement of reasonableness beyond that stated in subdivision (b) of this section." (*Bay Area Toll*, *supra*, 51 Cal.App.5th at p. 461, fn. 18.)

9

observed, "According to the lease, percentage rent must be paid as rent, and the fact that a landlord is willing to risk payment of lower rent when sales are down does not convert percentage rent into a tax. [Appellant's] percentage rent is squarely with in [*sic*] the Article XIII C, section 1, subdivision (e)(4) exception to the definition of 'tax.' "

*As a Matter of Law, the Percentage Rent*
*Clause Does Not Violate Article XX, section 22*

Article XX, section 22 provides that the State "shall have the exclusive right and power to license and regulate the . . . sale [and] purchase . . . of alcoholic beverages within the State." Appellant contends that, because the percentage rent clause applies to revenue from the sale of alcoholic beverages, it is unconstitutional.

"Article XX, section 22 of the California Constitution gives the state Department of Alcohol Beverage Control exclusive jurisdiction to regulate alcohol. [Citation.] If the purpose and effect of the city ordinance is to regulate the manufacture, sale, purchase, possession or transportation of alcoholic beverages, the legislation is expressly preempted by the state Constitution. [Citations.] For example, an express prohibition of the sale of alcoholic beverages at automobile service stations conflicts with article XX, section 22." (*City of Oakland v. Superior Court* (1996) 45 Cal.App.4th 740, 764.)

The trial court ruled that the percentage rent clause does not violate article XX, section 22 because "the imposition of percentage rent was not created to regulate the manufacture, sale, purchase, possession or transportation of alcoholic beverages." We agree. " 'Primarily, percentage rent is intended to provide additional revenue to the landlord in the event the

10

tenant's business thrives during the term of the lease. . . .' " (*Western Medical Enterprises, Inc. v. Albers* (1985) 166 Cal.App.3d 383, 389-390.)

Furthermore, pursuant to *Ainsworth v. Bryant* (1949) 34 Cal.2d 465, the percentage rent clause was not unconstitutional because it applied to all sales conducted on or from the premises, not just sales of alcoholic beverages. In *Ainsworth* a retail seller of intoxicating liquor brought an action to enjoin the enforcement against him of an ordinance " 'imposing (an) excise tax on the retail purchase . . . of tangible personal property . . . .' " (*Id.*, at p. 468.) The seller claimed "the tax . . . may not be so applied in view of article XX, section 22, of the state Constitution . . . ." (*Ibid.*) In upholding the constitutionality of the tax, the court reasoned: "[I]t covers all lines of retail business within the city, and retailers of intoxicating liquors become subject to it, not because they sell that particular commodity but because they sell tangible personal property." (*Id.*, at p. 475.)

*Appellant Has Forfeited Claim that Trial Court*
*Erroneously Sustained District's Evidentiary Objections*

Appellant claims the trial court erroneously sustained numerous objections by District to the admission of appellant's evidence. "We review the trial court's ruling on objections to evidence in connection with a summary judgment motion for an abuse of discretion." (*Tindell v. Murphy* (2018) 22 Cal.App.5th 1239, 1254.) " '[A] reviewing court should not disturb the exercise of a trial court's discretion unless it appears that there has been a miscarriage of justice. . . . 'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish an abuse of discretion, and unless

a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) "A 'miscarriage of justice' occurs when it is ' ". . . reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." ' " (*Lundy v. Ford Motor Co.* (2001) 87 Cal.App.4th 472, 479.)

Appellant's claim of evidentiary errors is forfeited because it is not supported by meaningful legal analysis with citation to authority. "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without [meaningful] argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' " (*In re S.C.* (2006) 138 Cal.App.4th at 396, 408.)

In any event, appellant has failed to show that the claimed evidentiary errors resulted in a miscarriage of justice, i.e., he has failed to show it is reasonably probable that District's motion for summary judgment would have been denied had its evidentiary objections been overruled.

*Alleged Error as to Trial Court's Finding of Fact*

Appellant contends the trial court "erred in making a finding of fact that respondent District is not a party to appellant's sublease." Appellant argues: "[T]he District became a party to the sublease. It also remained a party to the . . . Master Lease . . . ."

We need not decide whether the court's "finding" was a factual or legal conclusion or whether it was erroneous.

12

Appellant has not carried its burden of showing that the alleged error resulted in a miscarriage of justice. Therefore, if the trial court erred, the error is not reversible. (See Code Civ. Proc., § 475; *Scheenstra v. California Dairies, Inc.* (2013) 213 Cal.App.4th 370, 403 ["A fundamental rule of appellate review is that the appellant must affirmatively show *prejudicial* error"].)

*Attorney's Fees*

Both the master lease and the sublease contain a "prevailing party" attorney's fees clause. Pursuant to Civil Code section 1717, the trial court awarded District reasonable attorney's fees of $137,400 because it was the prevailing party.[4]

Appellant argues that, because District was "the party that drafted" the master lease, the court "erred in not resolving ambiguities [in that document concerning attorney's fees] against [District]." But appellant fails to identify the alleged ambiguities in the master lease. In addition, the argument is forfeited because it is not supported by meaningful legal analysis. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

Appellant contends that, because its complaint "prayed for attorney's fees based on Code of Civil Procedure § 1021.5 for prevailing in an 'action which has resulted in the enforcement of an important right affecting the public interest,'" the trial court

---

[4] Civil Code section 1717, subdivision (a) provides, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

13

erroneously awarded attorney fees to District as the prevailing party under Civil Code section 1717. The contention is forfeited because it is not supported by meaningful legal analysis with citation to authority. (*In re S.C., supra,* 138 Cal.App.4th at p. 408.)

Moreover, the contention is without merit because the complaint requested an award of appellant's "[c]osts of suit" pursuant to Code of Civil Procedure section 1032, subdivision (b). These costs include attorney's fees when authorized by contract or statute. (*Id.,* § 1033.5, subds. (a)(10)(A) & (B); see also *Id.,* subd. (c)(5)(B) ["Attorney's fees awarded pursuant to Section 1717 of the Civil Code are allowable costs under Section 1032 as authorized by subparagraph (A) of paragraph (10) of subdivision (a)"].)

### *Disposition*

The judgment and postjudgment order awarding attorney fees to District are affirmed. District shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

14

Carla J. Ortega, Judge

Superior Court County of Ventura

_____

Glickman & Glickman and Steven C. Glickman, Nicole E. Hoikka; Law Offices of Jean Getchell and Jean A. Getchell, for Plaintiff and Appellant.

Lagerlof and Thomas S. Bunn, Yaw-Jiun (Gene) Wu, for Defendant and Respondent.